USDC SCAN INDEX SHEET









BRADLEY

HOFFENBERG

TLW
3:96-CV-01023
*7*
*ANS.*

FILED
JAN 15 1997
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

WILLIAM D. and EDITH L. BRADLEY, DIXON ALLEN, Executor of THE ESTATE OF EARL F. ALLEN, et. al.

96-1023-J (JFS)

Original

V.

ANDOVER SECURITIES, a Missouri corporation, GARY BOHLING, et. al.

ANSWER

NOW COMES, Milton E. Metzler individually and as president of M.E. Metzler Organization, Inc. Defendant and for his individual answer and that of the corporation M.E. Metzler Organization, Inc. states follows:

1. Defendants deny the allegation contained in paragraph 1.

2. Defendants deny the allegation contained in paragraph 2.

3. Defendants have insufficient knowledge to either admit or deny paragraph 3 except for the specific sales relating to their activity in regards to the sale of Towers Financial Promissory Notes to the customers named as having done business with M.E. Metzler Organization, Inc. Defendants admit such sales.

4. Defendants have insufficient knowledge to either admit or deny the allegation contained in paragraph 4.

5. Defendants have insufficient knowledge to either admit or deny the allegation contained in paragraph 5.

6. Defendants have insufficient knowledge to either admit or deny the allegation contained in paragraph 6.

7. Defendants have insufficient knowledge to either admit or deny the allegation contained in paragraph 7.

8. Defendants have insufficient knowledge to either admit or deny the allegation contained in paragraph 8.

1

9. Defendants have insufficient knowledge to either admit or deny the allegation contained in paragraph 9.

10. Defendants have insufficient knowledge to either admit or deny the allegation contained in paragraph 10.

11. Defendants have insufficient knowledge to either admit or deny the allegation contained in paragraph 11.

12. Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraphs 12 through 33.

13. In answer to paragraph 34 defendants admit its existence as a corporation and that it was formerly doing business as a broker dealer in the State of Missouri. The business has been inactive for approximately a period of 4 years. Defendants further admit that the corporation sold the notes alleged, however denies that Michael Courte' was an employee but was rather an independent contractor who associated with the defendant, M.E. Metzler Organization, Inc. for purposes of licensing and accomplishment of transactions associated with the securities industry. Defendants exercise no direction or control over defendant Courte'.

14. Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraphs 35 through 45.

15. Defendants deny the allegation contained in paragraph 46.

16. Defendants have insufficient knowledge to either admit or deny the allegation contained in paragraph 47.

17. Defendants have insufficient knowledge to either admit or deny the allegation contained in paragraph 48.

18. Defendants have insufficient knowledge to either admit or deny the allegation contained in paragraph 49.

19. Defendants have insufficient knowledge to either admit or deny the

allegation contained in paragraph 50.

20. Defendants have insufficient knowledge to either admit or deny the allegation contained in paragraph 51.

21. Defendants have insufficient knowledge to either admit or deny the allegation contained in paragraph 52.

22. Defendants have insufficient knowledge to either admit or deny the allegation contained in paragraph 53.

23. Defendants have insufficient knowledge to either admit or deny the allegation contained in paragraph 54. However, Defendants admit they relied on the materials provided by Towers Financial as well as a personal inspection trip in its evaluation of the legitimacy of the investment.

24. Defendants have insufficient knowledge to either admit or deny the allegation contained in paragraph 55.

25. Defendants have insufficient knowledge to either admit or deny the allegation contained in paragraph 56.

26. Defendants have insufficient knowledge to either admit or deny the allegation contained in paragraph 57.

27. Defendants have insufficient knowledge to either admit or deny the allegation contained in paragraph 58. Defendants can only speak as to their own due diligence efforts, in that regard denies any participation in fraud or any improper activity.

28. Defendants deny the allegation contained in paragraph 59.

29. Defendants deny the allegation contained in paragraph 60.

30. Defendants have insufficient knowledge to admit or deny the allegation contained in paragraph 61.

31. Defendants have insufficient knowledge to admit or deny the allegation contained in paragraph 62.

32. Defendants have insufficient knowledge to admit or deny the allegation contained in paragraph 63.

33. Defendants believe the representations to be correct in paragraph 64 but cannot say with certainty without refreshing their recollection by review of the Towers generated material.

34. Defendants have insufficient knowledge to admit or deny the allegation contained in paragraph 65.

35. Defendants have insufficient knowledge to admit or deny the allegation contained in paragraph 66.

36. Defendants have insufficient knowledge to admit or deny the allegation contained in paragraph 67.

37. Defendants believe the representations to be correct in paragraph 68 but cannot say with certainty without refreshing their recollection by review of the Towers generated material.

38. Defendants have insufficient knowledge to admit or deny the allegation contained in paragraph 69.

39. Defendants have insufficient knowledge to admit or deny the allegation contained in paragraph 70.

40. Defendants have insufficient knowledge to admit or deny the allegation contained in paragraph 71.

41. Defendants have insufficient knowledge to admit or deny the allegation contained in paragraph 72.

42. Defendants have insufficient knowledge to admit or deny the allegation contained in (incorrectly numbered) 288.

43. Defendants have insufficient knowledge to admit or deny the allegation contained in paragraph 73.

44. Defendants have insufficient knowledge to admit or deny the allegation contained in paragraph 74.

45. Defendants have insufficient knowledge to admit or deny the allegation contained in paragraph 75.

46. Defendants have insufficient knowledge to admit or deny the allegation contained in paragraph 76

47. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 77 through paragraph 99.

48. Defendants admit the allegation contained in paragraph 100.

49. Defendants deny the allegation contained in paragraph 101.

50. Defendants deny the allegation contained in paragraph 102.

51. Defendants deny the allegation contained in paragraph 103.

52. Defendants deny the allegation contained in paragraph 104.

53. Defendants deny the allegation contained in paragraph 105.

54. Defendants deny the allegation contained in paragraph 106.

55. Defendants deny the allegation contained in paragraph 107.

56. Defendants deny the allegation contained in paragraph 108.

57. Defendants deny the allegation contained in paragraph 109.

58. Defendants admit the allegation contained in paragraph 110 relying on Towers written materials as part of the due diligence in the sales process but otherwise has insufficient knowledge of the details of any false or misleading information therein.

59. Defendants deny the allegation contained in paragraph 111.

60. Defendants deny the allegation contained in paragraph 112.

61. Defendants deny the allegation contained in paragraph 113.

62. Defendants deny the allegation contained in paragraph 114 and additionally objects that the allegation contained in paragraph 114 is speculative

in nature.

63. Defendants have insufficient knowledge to admit or deny the allegation contained in paragraph 115 further objecting that the allegation is speculative in nature.

64. Defendants have insufficient knowledge to admit or deny the allegation contained in paragraph 116.

65. Defendants deny the allegation contained in paragraph 117.

66. Defendants have insufficient knowledge to admit or deny the allegation contained in paragraph 118.

67. Defendants have insufficient knowledge to admit or deny the allegation contained in paragraph 119.

68. Defendants deny the allegation contained in paragraph 120.

69. Defendants deny the allegation contained in paragraph 121.

70. Defendants deny the allegation contained in paragraph 122.

71. Defendants have insufficient knowledge to admit or deny the allegation contained in paragraph 123.

72. Defendants admit the allegation contained in paragraph 124.

73. Defendants deny the allegation contained in paragraph 125

74. Defendants deny the allegation contained in paragraph 126.

75. Defendants deny the allegation contained in paragraph 127.

76. Defendants deny the allegation contained in paragraph 128.

77. Defendants have insufficient knowledge to admit or deny the allegation contained in paragraph 129.

78. Defendants admit the allegation contained in paragraph 130.

79. Defendants deny the allegation contained in paragraph 131.

80. Defendants have insufficient knowledge to admit or deny the allegation contained in paragraph 132.

81. Defendants deny the allegation contained in paragraph 133.

82. Defendants deny the allegation contained in paragraph 134.

83. Defendants admit the allegation contained in paragraph 135.

84. Defendants deny the allegation contained in paragraph 136.

85. Defendants deny the allegation contained in paragraph 137.

86. Defendants admit the allegation contained in paragraph 138.

87. Defendants deny the allegation contained in paragraph 139.

88. Defendants deny the allegation contained in paragraph 140.

89. Defendants deny the allegation contained in paragraph 141.

90. Defendants deny the allegation contained in paragraph 142.

91. Defendants deny the allegation contained in paragraph 143.

92. Defendants have insufficient knowledge to admit or deny the allegation contained in paragraph 144.

93. Defendants deny the allegation contained in paragraph 145.

94. Defendants have insufficient knowledge to admit or deny the allegation contained in paragraph 146.

95. Defendants deny the allegation contained in paragraph 147.

96. Defendants deny the allegation contained in paragraph 148.

97. Defendants have insufficient knowledge to admit or deny the allegation contained in paragraph 149.

98. Defendants admit the allegation contained in paragraph 150.

99. Defendants deny the allegation contained in paragraph 151.

100. Defendants deny the allegation contained in paragraph 152.

101. Defendants admit the allegation contained in paragraph 153.

102. Defendants deny the allegation contained in paragraph 154.

103. Defendants deny the allegation contained in paragraph 155.

104. Defendants deny the allegation contained in paragraph 156.

105. Defendants admit the allegation contained in paragraph 157.

106. Defendants deny the allegation contained in paragraph 158.

107. Defendants admit the allegation contained in paragraph 159.

108. Defendants have insufficient knowledge to admit or deny the allegation contained in paragraph 160.

109. Defendants have insufficient knowledge to admit or deny the allegation contained in paragraph 161.

110. Defendants admit the allegation contained in paragraph 162.

111. Defendants deny the allegation contained in paragraph 163.

112. Defendants deny the allegation contained in paragraph 164.

113. Defendants deny the allegation contained in paragraph 165.

114. Defendants admit the allegation contained in paragraph 166.

115. Defendants deny the allegation contained in paragraph 167.

116. Defendants deny the allegation contained in paragraph 168.

117. Defendants admit the allegation contained in paragraph 169.

118. Defendants deny the allegation contained in paragraph 170.

119. Defendants deny the allegation contained in paragraph 171.

120. Defendants admit the allegation contained in paragraph 172.

121. Defendants deny the allegation contained in paragraph 173.

122. Defendants deny the allegation contained in paragraph 174.

123. Defendants deny the allegation contained in paragraph 175.

124. Defendants have insufficient knowledge to admit or deny the allegation contained in paragraph 176.

125. Defendants deny the allegation contained in paragraph 177.

126. Defendants deny the allegation contained in paragraph 178.

127. Defendants deny the allegation contained in paragraph 179.

128. Defendants deny the allegation contained in paragraph 180.

WHEREFORE, Defendants pray for a judgment against Plaintiffs and in its favor, costs to be assessed against Plaintiffs.

Dated X 1/14/1997

By Milton E. Metzler and
M.E. Metzler Organization

X *(signed)* Milton E. Metzler
Milton E. Metzler
Acting on behalf of the corporation
and as an individual pro se.
7630 Bracken Circle
St. Louis, MO 63123
(314) 843-6417

STATE OF MISSOURI

COUNTY OF ST. LOUIS

On this 14th day of January, 1997, before me personally appeared Milton E. Metzler to me known to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal in the County and State aforesaid, the day and year first above.

*(signed)* Robert E. Metzler
Notary Public

My Term Expires: 4/16/2000

ROBERT E. METZLER
Notary Public – Notary Seal
STATE OF MISSOURI
St. Louis County
My Commission Expires: April 16, 2000

9

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

WILLIAM D. AND EDITH L., BRADLEY, DIXON ALLEN, EXECUTOR OF THE ESTATE OF EARL F. ALLEN, et. al.

v.

ANDOVER SECURITIES, A MISSOURI CORPORATION, GARY BOHLING, et. al.

CERTIFICATE OF SERVICE

A copy of the foregoing was sent on this 14th day of January, 1997,United Parcel Service, Next Day Air to: Timothy C. Karen, Attorney for Plaintiffs, 12702 Via Cortina, Suite 100, Del Mar, California 92014.

*/s/ Milton C. Metzler*