USDC SCAN INDEX SHEET











BRADLEY

HOFFENBERG

TB
3:96-CV-01023
*9*
*ANS.*

FILED
JAN 22 1997

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
IN SAN DIEGO, CALIFORNIA

CIVIL DIVISION

IN RE:

WILLIAM D. and EDITH BRADLEY,
DIXON ALLEN, Executor of the
ESTATE OF EARL F. ALLEN, et al.

CASE NO. 96-1023-J (JFS)

v.

ANDOVER SECURITIES, a Missouri
corporation, GARY BOHLING, et al.

_____/

RESPONSE TO FIRST AMENDED COMPLAINT FOR DAMAGES

I Do Enterprises, Inc., dba Geneva Investment Group, an Illinois corporation, Michael D. Olesen, Defendant in the above action does hereby file, on his own behalf, his RESPONSE TO FIRST AMENDED COMPLAINT FOR DAMAGES and would state:

1. The Defendant is named specifically in Paragraph 28 of the above civil action and all answers are made in relationship to this paragraph.

2. With respect to the alleged allegations in Paragraph 1 the Defendant has no special knowledge of these common law statutes.

3. With respect to the alleged allegations in Paragraph 2 the Defendant denies this Court's Jurisdiction.

4. With respect to the alleged allegations in Paragraph 3 the Defendant can only acknowledge, in reference to Paragraph 28, that the Plaintiff, Fred D. Panepucci, was an investor in the Towers Financial Corporation promissory notes, but denies the other alleged allegation.

5. With respect to the alleged allegations in Paragraphs 4, 5,

9

6, & 7, the Defendant has no specific knowledge of these.

6. With respect to the alleged allegations in Paragraph 8 the Defendant believe the statement to be true with respect the filing of bankruptcy but has no knowledge regarding the automatic stay under section 362 of the Bankruptcy Code.

7. With respect to the alleged allegations in Paragraph 9 the Defendant believes these to be true.

8. With respect to the alleged allegations in Paragraph 10 the Defendant has no specific knowledge of these.

9. With respect to the alleged allegations in Paragraphs 11 the Defendant denies these.

10. With respect the the alleged allegations in the inclusive Paragraphs 12 through 45, the Defendant is only able to respond the the alleged allegation in Paragraph 28 and does denies these.

11. With respect to the alleged allegations in Paragraph 46 the Defendant denies these.

12. With respect to the alleged allegations in Paragraph 47 the Defendant has no specific knowledge of these.

13. With respect to the alleged allegations in Paragraph 48 the Defendant has no specific knowledge of these.

14. With respect to the alleged allegations in Paragraph 49 the Defendant has no specific knowledge of these.

15. With respect to the alleged allegations in Paragraph 50 the Defendant believe the statement to be accurate with respect to the offering memoranda dates for the United States residents and has no specific knowledge regarding the other allegations.

16. With respect to the alleged allegations in Paragraph 51 the

Defendant believes this statement to be inaccurate.

17. With respect to the alleged allegations in Paragraph 52 the Defendant has no specific knowledge of these.

18. With respect to the alleged allegations in Paragraph 53 the Defendant has no specific knowledge of these.

19. With respect to the alleged allegations in the inclusive Paragraphs 54 through 57, the Defendant has no specific knowledge of these.

20. With respect to the alleged allegations in Paragraph 58 the Defendant denies these.

21. With respect to the alleged allegations in Paragraph 59 the Defendant denies these.

22. With respect to the alleged allegations in Paragraph 60 the Defendant denies these.

23. With respect to the alleged allegations in the inclusive Paragraphs 61 through 63, the Defendant has no specific knowledge of these.

24. With respect to the alleged allegations in Paragraph 64 the Defendant believes these to be accurate.

25. With respect to the alleged allegations in the inclusive Paragraphs 65 through 70, the Defendant has no specific knowledge of these.

26. With respect to the alleged allegations in the inclusive Paragraphs 71 through 75, the Defendant has no specific knowledge of these.

27. With respect to the alleged allegations in the inclusive Paragraphs 76 through 98, the Defendant has no specific knowledge

of these.

28. With respect to the alleged allegations in Paragraph 99 the Defendant denies these.

29. With respect to the alleged allegations in Paragraph 100 the Defendant has no specific knowledge of these.

30. With respect to the alleged allegations in Paragraph 101 the Defendant denies these.

31. With respect to the alleged allegations in Paragraph 102 the Defendant denies these.

32. With respect to the alleged allegations in Paragraph 103 the Defendant has no specific knowledge of these.

33. With respect to the alleged allegations in Paragraph 104 the Defendant denies these.

34. With respect to the alleged allegations in Paragraph 105 the Defendant denies these.

35. With respect to the alleged allegations in Paragraph 106 the Defendant denies these.

36. With respect to the alleged allegations in Paragraph 107 the Defendant denies these.

37. With respect to the alleged allegations in Paragraph 108 the Defendant denies these.

38. With respect to the alleged allegations in Paragraph 109 the Defendant denies these.

39. With respect to the alleged allegations in Paragraph 110 the Defendant denies these.

40. With respect to the alleged allegations in Paragraph 111 the Defendant denies these.

41. With respect to the alleged allegations in Paragraph 112 the Defendant denies these.

42. With respect to the alleged allegations in Paragraph 113 the Defendant denies these.

43. With respect to the alleged allegations in Paragraph 114 the Defendant has no specific knowledge of these.

44. With respect to the alleged allegations in Paragraph 115 the Defendant denies these.

45. With respect to the alleged allegations in Paragraph 116 the Defendant has no specific knowledge of these.

46. With respect to the alleged allegations in Paragraph 117 the Defendant denies these.

47. With respect to the alleged allegations in Paragraph 118 the Defendant has no specific knowledge of these.

48. With respect to the alleged allegations in Paragraph 119 the Defendant has no specific knowledge of these.

49. With respect to the alleged allegations in Paragraph 120 the Defendant denies these.

50. With respect to the alleged allegations in Paragraph 121 the Defendant denies these.

51. With respect to the alleged allegations in Paragraph 122 the Defendant denies these.

52. With respect to the alleged allegations in Paragraph 123 the Defendant has no specific knowledge of these.

53. With respect to the alleged allegations in Paragraph 124 the Defendant denies these.

54. With respect to the alleged allegations in Paragraph 125 the

Defendant is unable to answer. Paragraph 125 is incomplete as a portion was covered during photocopying.

55. With respect to the alleged allegations in Paragraph 126 the Defendant has no specific knowledge of these.

56. With respect to the alleged allegations in Paragraph 127 the Defendant has no specific knowledge of these.

57. With respect to the alleged allegations in Paragraph 128 the Defendant has no specific knowledge of these.

58. With respect to the alleged allegations in Paragraph 129 the Defendant has no specific knowledge of these.

59. With respect to the alleged allegations in Paragraph 130 the Defendant denies these.

60. With respect to the alleged allegations in Paragraph 131 the Defendant denies these.

61. With respect to the alleged allegations in Paragraph 132 the Defendant has no specific knowledge of these.

62. With respect to the alleged allegations in Paragraph 133 the Defendant has no specific knowledge of these.

63. With respect to the alleged allegations in Paragraph 134 the Defendant denies these.

64. With respect to the alleged allegations in Paragraph 135 the Defendant denies these.

65. With respect to the alleged allegations in Paragraph 136 the Defendant denies these.

66. With respect to the alleged allegations in Paragraph 137 the Defendant denies these.

67. With respect to the alleged allegations in Paragraph 138 the

Defendant denies these.

68. With respect to the alleged allegations in Paragraph 139 the Defendant denies these.

69. With respect to the alleged allegations in Paragraph 140 the Defendant denies these.

70. With respect to the alleged allegations in Paragraph 141 the Defendant denies these.

71. With respect to the alleged allegations in Paragraph 142 the Defendant denies these.

72. With respect to the alleged allegations in Paragraph 143 the Defendant denies these.

73. With respect to the alleged allegations in Paragraph 144 the Defendant has no specific knowledge of these.

74. With respect to the alleged allegations in Paragraph 145 the Defendant denies these.

75. With respect to the alleged allegations in Paragraph 146 the Defendant has no specific knowledge of these.

76. With respect to the alleged allegations in Paragraph 147 the Defendant denies these.

77. With respect to the alleged allegations in Paragraph 148 the Defendant denies these.

78. With respect to the alleged allegations in Paragraph 149 the Defendant has no specific knowledge of these.

79. With respect to the alleged allegations in Paragraph 150 the Defendant denies these.

80. With respect to the alleged allegations in Paragraph 151 the Defendant denies these.

81. With respect to the alleged allegations in Paragraph 152 the Defendant denies these.

82. With respect to the alleged allegations in Paragraph 153 the Defendant denies these.

83. With respect to the alleged allegations in Paragraph 154 the Defendant denies these.

84. With respect to the alleged allegations in Paragraph 155 the Defendant denies these.

85. With respect to the alleged allegations in Paragraph 156 the Defendant has no specific knowledge of these.

86. With respect to the alleged allegations in Paragraph 157 the Defendant denies these.

87. With respect to the alleged allegations in Paragraph 158 the Defendant has no specific knowledge of these.

88. With respect to the alleged allegations in Paragraph 159 the Defendant denies these.

89. With respect to the alleged allegations in Paragraph 160 the Defendant denies these.

90. With respect to the alleged allegations in Paragraph 161 the Defendant has no specific knowledge of these.

91. With respect to the alleged allegations in Paragraph 162 the Defendant denies these.

92. With respect to the alleged allegations in Paragraph 163 the Defendant denies these.

93. With respect to the alleged allegations in Paragraph 164 the Defendant denies these.

94. With respect to the alleged allegations in Paragraph 165 the

Defendant denies these.

95. With respect to the alleged allegations in Paragraph 166 the Defendant denies these.

96. With respect to the alleged allegations in Paragraph 167 the Defendant denies these.

97. With respect to the alleged allegations in Paragraph 168 the Defendant denies these.

98. With respect to the alleged allegations in Paragraph 169 the Defendant denies these.

99. With respect to the alleged allegations in Paragraph 170 the Defendant has no specific knowledge of these.

100. With respect to the alleged allegations in Paragraph 171 the Defendant denies these.

101. With respect to the alleged allegations in Paragraph 172 the Defendant denies these.

102. With respect to the alleged allegations in Paragraph 173 the Defendant denies these.

103. With respect to the alleged allegations in Paragraph 174 the Defendant denies these.

104. With respect to the alleged allegations in Paragraph 175 the Defendant denies these.

105. With respect to the alleged allegations in Paragraph 176 the Defendant has no specific knowledge of these.

106. With respect to the alleged allegations in Paragraph 177 the Defendant denies these.

107. With respect to the alleged allegations in Paragraph 178 the Defendant denies these.

108. With respect to the alleged allegations in Paragraph 179 the Defendant denies these.

109. With respect to the alleged allegations in Paragraph 180 the Defendant denies these.

    The Defendant, I Do Enterprises, Inc., dba Geneva Investment Group, Michael D. Olesen, does hereby respond to the First Amended Complaint for Damages.

## CERTIFICATE OF SERVICE

    I certify that a copy of the foregoing has been furnished to Timothy C. Karen, Attorney, 12702 Via Cortina, Suite 100 Del Mar, California 92014 by Certified U.S. Mail on this 16th day of January 1997.

> I Do Enterprises, Inc.
> Geneva Investment Group
> Michael D. Olesen
> 117 N. Third Street
> Geneva, IL 60134
>
> By: *[signature]*
>     Michael D. Olesen
>     Defendant

# United States District Court

SOUTHERN DISTRICT OF CALIFORNIA

WILLIAM D. and EDITH L. BRADLEY, DIXON ALLEN, Executor of THE ESTATE OF EARL F. ALLEN,

Additional Parties Attachment form is attached.

V.

ANDOVER SECURITIES, a Missouri corporation, GARY BOHLING,

Additional Parties Attachment form is attached.

SUMMONS IN A CIVIL ACTION
ON FIRST AMENDED COMPLAINT

CASE NUMBER: 96-1023-J (JFS)

TO: (Name and Address of Defendant)

Michael D. Olesen
117 N. 3rd St.
Geneva, IL 60134

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Timothy C. Karen, Esq. SBN 117071
Mary A. Smigielski, Esq. SBN 167829
LAW OFFICES OF TIMOTHY C. KAREN
12702 Via Cortina, Suite 100
Del Mar, California 92014
(619) 259-7790

an answer to the complaint which is herewith served upon you, within ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Roberta Westdal

SEP 24 1996

CLERK

BY DEPUTY CLERK

DATE

AO 440 (Rev. 5/85) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| NAME OF SERVER | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
     *Date*          *Signature of Server*

           _____
           *Address of Server*

NOTICE OF RIGHT TO CONSENT TO TRIAL BY A UNITED STATES MAGISTRATE

IN ACCORDANCE WITH THE PROVISION OF 28 USC 636(c) YOU ARE HEREBY NOTIFIED THAT A U.S. MAGISTRATE OF THIS DISTRICT MAY, UPON THE CONSENT OF ALL PARTIES ON FORM 1A AVAILABLE IN THE CLERK'S OFFICE, CONDUCT ANY OF ALL PROCEEDINGS, INCLUDING A JURY OR NON-JURY TRIAL, AND ORDER THE ENTRY OF A FINAL JUDGMENT. COUNSEL FOR THE PLAINTIFF HAS RECEIVED A CONSENT FORM.

YOU SHOULD BE AWARE THAT YOUR DECISION TO CONSENT OR NOT TO CONSENT IS ENTIRELY VOLUNTARY AND SHOULD BE COMMUNICATED SOLELY TO THE CLERK OF COURT. ONLY IF ALL PARTIES CONSENT WILL THE JUDGE OR MAGISTRATE TO WHOM THE CASE HAS BEEN ASSIGNED BE INFORMED OF YOUR DECISION.

JUDGMENTS OF THE U.S. MAGISTRATES ARE APPEALABLE TO THE U.S. COURT OF APPEALS IN ACCORDANCE WITH THIS STATUTE AND THE FEDERAL RULES OF APPELLATE PROCEDURE UNLESS THE PARTIES AT THE TIME OF THEIR CONSENT TO TRIAL BEFORE A MAGISTRATE AGREE UPON REVIEW BY THE UNITED STATES DISTRICT COURT.

| SHORT TITLE: BRADLEY, et al. v. ANDOVER SECURITIES, et al. | CASE NUMBER: 96-1023-J (JFS) |
|---|---|

## INSTRUCTIONS FOR USE

- This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
- If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[X] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

HOWARD S. ALLEN, individually and as Trustee of the HOWARD S. ALLEN TRUST U/A DTD 09/16/80, CHARLOTTE BARON, LA RUE W. BEAN, ALFRED BEIS, VICTORIA BEIS, RALPH BROCKMAN, STANLEY BRUSKIN, JAMES W. BUCHANAN III, ROBERT and BARBARA BURNS, AURELIO CACCOMO, SCOTT CARMONA, BEN E. CARNES, RESOURCES TRUST CO. TRUST U/A IRA DTD 03/29/91 FBO BEN E. CARNES, GEORGE O. CHAPLIN, Executor of THE ESTATE OF CHARLES W. AND BETTE J. CHAPLIN, RICHARD H. COOPER, PAUL F. CLARK, SR., PATRICIA J. CLARK, JOHN P. and BARBARA L. CUTLER, DETRAE ENTERPRISES, INC. PENSION PLAN, MARTIN and JOAN DOLIN, NORMAN EISNER, DOUGLAS and DALE FAUSER, JEROME M. and STEPHEN L. FELDMAN, MICHAEL FLYNN, BARBARA L. FOSTER, JAMES R. FRANKLIN, ISRAEL GARTNER, RUTH NIEMCZYK, NATHAN REINER, VIOLA M. GIAGNORIO, GREG L. and CONNIE M. GODDARD, individually and for C&G ENTERPRISES, LTD., ARNOLD L. GOLDBLATT, individually and as Trustee of WEJ MANAGEMENT CORP. PENSION TRUST, ARNOLD L. GOLDBLATT, TRUSTEE, ROBERT W. GOLEMBSKI, JO FRANK GOODMAN, DANIEL W. GORSKI, ROSE GORSKI, DARLENE E. GORSKI, KENNETH C. and JOAN P. GRIFFITH, DANIEL J. GROSS, M.D., LLOYD and JENNIE GROSS, ERNEST HAMILTON, GARY HAMILTON, STUART J. and BETTY F. HEPBURN, ILA MAY HOLMES, SYDNEY P. JARKOW, HERBERT B. JENKINS, EVERETT JOHNSON, individually and for EJF, LTD., E. LYLE JOHNSON, INC., EVERETT JOHNSON, INC. EMPLOYEES PENSION PLAN and EVERETT JOHNSON, INC. DEFINED BENEFIT PENSION, MICHAEL A. JOHNSON, STEVEN H. JOHNSON, WALTER and LOIS M. KANE, DONALD B. KIEY, D.D.S., BETTY M. KOBERNUSS, GRACE K. MORGAN, MICHAEL R. KRAM, ARTHUR M. KRILL, individually as Trustee of THE KRILL CO., MARY ALICE KRILL, JOHN A. and HELEN H. LEACH, DR. JUDITH S. LEE, WILLIAM G. and JACQUELINE LEONARD, DANNY N. LITTON, HENRY C. and ALLENE K. LOCKLAR, L. DEAN and DIANE LUKE, STELIO MANGIOLA, M.D., DEBRA MCENEANY, GARY and JEANNE MEDWED, PAUL E. MEIER, Trustee of the EXCEL BOTTLING CO. PENSION PLAN, as Trustee of the EDWARD J. MEIER REVOCABLE LIVING TRUST, and as Trustee of the EDWARD & CATHERINE MEIER IRREVOCABLE INSURANCE TRUST, JONAS STULMAN, individually and for MONTCLAIR INVESTMENT CO., ALAN M. NIRENBERG, PAUL B. ODOM, individually and as Trustee of the P.B. ODOM III TRUST, GILBERT M. and CAROLYN S. OELBAUM, MICHAEL PALMISANO, ROGER M. and CRYSTAL L. PALMISANO, FRED D. PANEPUCCI, WILLIAM R. PATZER, BRENDA L. PECK, formerly BRENDA L. BRADY, HARVEY PERETZ, D.D.S., WILLIAM and WINONA RANDALL, EDWARD RAPPAPORT, I. PAUL RAPPAPORT, TTEE SELF EMPLOYED MONEY PURCHASE PP, I. PAUL RAPPAPORT, TTEE SELF EMPLOYED PROFIT SHARING PLAN, RANDYE RAPPAPORT, RICHARD WORTH, JAMES J. REAGAN, President of O'VIDEO, INC., NAIDA J. REAGAN, RUSSELL A. and JUDITH A. REUTER, SAMUEL M. ROGERS, WILLIAM B. ROSENTHAL, individually, as Executor of the ESTATE OF MERIAN L. ROSENTHAL, and as Trustee of the MERIAN L. ROSENTHAL FAMILY TRUST, VIVIAN THERESE ROWE, individually and as Trustee of the V. THERESE ROWE REVOCABLE LIVING TRUST, PAUL W. ROWE, individually and for BAY RADIOLOGICAL PAUL W. ROWE PS, STEVE RUBENSTEIN, individually and for PERSHING-DLJSC, FAO STEVE RUBENSTEIN IRA, JOHN RUGGIERO, PAULINE SCHAFER, ROBERT G. and GAIL G. SCHLENZIG, THOMAS A. and CAROLE F. SCRAMUZZO, HARRY and BERYLLE SHAPIRO, MICHAEL SHAPIRO, M.D., individually and for MICHAEL SHAPIRO M.D. MONEY PURCHASE PLAN, ROBERT I. SHERMAN, individually and as Trustee of the ROBERT I. SHERMAN REVOCABLE LIVING TRUST, CARROLL V. SORELLE, individually and for C.V. SORELLE & COMPANY, DONALD M. SWEAZY, HAZEL L. TALLANT, formerly HAZEL L. MCNEILL, individually and as Trustee of the HAZEL L. MCNEILL TRUST; RICHARD D. URWILLER, HAROLD FOREMAN and JEROME FOREMAN for WILSHIRE ASSOCIATES, BARBARA WILSON, JANE D. WITHERS, GEORGE P. ZIEFLE, individually and as President and Trustee of A.Q.L. DECORATING CO., JEANETTE ZIEFLE,

Page 2 of 3

| SHORT TITLE: BRADLEY, et al. v. ANDOVER SECURITIES, et al. | CASE NUMBER: 96-1023-J (JFS) |
|---|---|

## INSTRUCTIONS FOR USE

► This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
► If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff   [X] Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

BIEDENHARN INVESTMENT GROUP INC., a corporation, JAY BIEDENHARN, JOSEPH AUGUSTUS BIEDENHARN, II, JAMES MCCURRY, WILLIAM E. POWDRILL III, BRIGHTON SECURITIES CORP., a New York corporation, CAMBRIDGE CAPITAL MANAGEMENT, a Michigan corporation, CAMBRIDGE FINANCIAL SERVICES, INC., a Michigan corporation, JEFFREY A. EGAN, DANIEL P. THOMAS, COAST SECURITIES, a corporation, GARY HANADEL, CONSOLIDATED INVESTMENT SERVICES, a Colorado corporation, DENNIS M. EICHINGER, JAMES L. FAINTER, CHARLOTTE S. RIVIERA, COOPER INVESTMENT PARTNERS, formerly COOPER-DAVIS, LTD., an Illinois corporation, PETER COOPER, CRAIG OVERMEYER, DAVIDSON SECURITIES, a corporation, DALE KIDWELL, DOUGHERTY, DAWKINS, INC., formerly DOUGHERTY, DAWKINS, STRAND AND BIGELOW INCORPORATED, a Minnesota corporation, J. JOE MILLER, EAST-WEST CAPITAL CORPORATION, a Michigan corporation, JOHN AHLBRAND, CRAIG A. JANUTOL, ENRIGHT FINANCIAL ADVISORS, a New Jersey corporation, STEVEN ENRIGHT, HARBOUR INVESTMENTS, INC., a Wisconsin corporation, TERRANCE P. JANKE, HARLAND FINANCIAL SERVICES CORP., a New York corporation, JEFFREY G. LEVY, KURZ-LIEBOW & COMPANY, INC., a New York corporation, HERBERT SARAGA, JERRY CORRAGIO, JACQUES SARTISKY, GENEVA SECURITIES, an Illinois corporation, HERBERT FISHMAN, I DO ENTERPRISES, INC., dba GENEVA INVESTMENT GROUP, an Illinois corporation, MICHAEL D. OLESEN, GILL AND ASSOCIATES, INC., a Colorado corporation, TED GILL, HALPERT & CO., formerly HALPERT OBERST & COMPANY, a New Jersey corporation, SEAN DAVIS, BARRY LIPPMAN, MICHAEL J. PETRUCELLI, MATHEW COHEN, NANCY LYNN BARRETT, JEFFREY A. ULLMAN, MICHAEL GOLDSTEIN, ALAN GUDZ, DANIEL LENNON, SCOTT MARGOLIS, ALAN HALPERT, ALLEN ROSENBERG, JAY R. OBERST, BERNARD SCHNITZER, RICHARD M. WASSERMAN, WILLIAM F. BROWN, JEFFREY A. FLADELL, PATRICK J. TIEDEMANN, LINDA D. PYNAPPEL, JINCO LEASING CORP. dba JINCO FINANCIAL CORP., a Colorado corporation, WAYNE MORRISON, KITTLAUS COMPANY, a corporation, KARL KITTLAUS, MARTIN KAIDEN CO., INC., a New York corporation, MARTIN KAIDEN, M.E. METZLER ORGANIZATION, INC., a Missouri corporation, MICHAEL COURTE, MILTON E. METZLER, MONETA FINANCIAL SERVICES, a corporation, FREDERICK ELIASSEN, PETER SPANIOL, GARY BALUMAS, P.A.S., INC., formerly PARK AVENUE SECURITIES, an Oklahoma corporation, PENSIONS FOR BUSINESS, INC., a New York corporation, JAMES S. STANLEY, PROFESSIONAL BUSINESS CONSULTANTS, an Illinois corporation, DAVID J. WELLEHAN, R.G. DICKINSON & CO., an Idaho corporation, BOB BUCHER, THOMAS M. LOBAUGH, SCHNEIDER SECURITIES, INC., a Colorado corporation, SCOTT S. MCGOUGH, JOHN SULLIVAN, BARBARA KELLEY, SINE QUA NON CORP., a New York corporation, JAY BUITENKENT, JIMMY OZMER, CENTER CITY PLANNING, a New York corporation, JOSEPH A. CLAIR III, T.L. SMITH SECURITIES, a Texas corporation, FRED R. LEFEVRE, TRANSCO SECURITIES, a corporation, ED SHUHART, US CLEARING WEST, SEATTLE, a corporation, DON JONES, VAUTRAIN NELSON LEFEVRE, ENDSLEY AND DURHAM, INC., a Texas corporation, KIRBY ENDSLEY,

Page 3 of 3