USDC SCAN INDEX SHEET











BRADLEY

HOFFENBERG

JRB
3:96-CV-01023
*130*
*P/A.*

1  Michael L. Kirby (050895)
   Jodie M. Hardmeyer (179225)
2  **POST KIRBY NOONAN & SWEAT  LLP**
   600 West Broadway, Suite 1100
3  San Diego, CA 92101-3302
   Telephone (619) 231-8666
4  Facsimile (619) 231-4360

5  Attorneys for Defendant
   JAY BIEDENHARN aka JOSEPH AUGUSTUS BIEDENHARN II



FILED

APR 18 1997

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY            DEPUTY

6

7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

   BRADLEY, et al.,                )  Case No. 96-1023-J (JFS)
11                                  )
                 Plaintiffs,        )  **MEMORANDUM IN SUPPORT OF**
12                                  )  **MOTION TO DISMISS PURSUANT**
   v.                               )  **TO RULE 12(b)(2), (3) and**
13                                  )  **(6), FED.R.CIV.P., and 15**
   ANDOVER SECURITIES, et al.,      )  **U.S.C. §§ 77v and 78aa**
14                                  )
                 Defendants.        )  **Date:      May 27, 1997**
15                                  )  **Time:      10:30 a.m.**
                                    )  **Ctrm:      12**
16                                  )
                                    )
17  _____ )

18

19

20

21

22

23

24

25

26

27

28

PKN:00116820.WP

130

1

## TABLE OF CONTENTS

2
**Page**

3    1.    INTRODUCTION AND SUMMARY OF ARGUMENT . . . . . .    1

4    2.    PLAINTIFFS' CLAIMS AGAINST BIEDENHARN ARE
          BARRED BY THE STATUTE OF LIMITATIONS . . . . . .    3
5
6    3.    PLAINTIFFS' FEDERAL ALLEGATIONS FAIL
          FOR IMPROPER VENUE . . . . . . . . . . . . . . .    6

7          A.    Plaintiffs Base Jurisdiction And
                Venue On 15 U.S.C. Section 77v And
8                15 U.S.C. Section 78aa. . . . . . . . . .    6

9          B.    Plaintiffs' State Causes of Action
                Fail For Lack Of Personal Jurisdiction
10               and Improper Venue. . . . . . . . . . . .    11

11   4.    THE COURT LACKS PERSONAL JURISDICTION OVER
          DEFENDANT BIEDENHARN . . . . . . . . . . . . . .    12
12
13         A.    Plaintiffs Cannot Prove Defendant
                Has The Necessary "Minimums Contacts"
                With California Sufficient To Subject
14               Defendant To Jurisdiction In California.    .    12

15         B.    Due Process Requires Certain
                Minimum Contacts By A Defendant
16               With the Forum State. . . . . . . . . . .    13

17         C.    Since Plaintiffs And Defendant Did Not
                Purposefully Derive Benefit From Any
18               Activities Relating To California,
                Personal Jurisdiction Over Them Is Lacking.    15
19
20   5.    CONCLUSION  . . . . . . . . . . . . . . . . . .    18

21

22

23

24

25

26

27

28

1

# TABLE OF AUTHORITIES

2
**Page**

3
## CASES

4   Asahi Metal Industry Co. v. Superior Court,
      480 U.S. 102 (1987)   . . . . . . . . . . . . . . .   16
5

6   Buckeye Boiler Co. v. Superior Court,
      71 Cal. 2d 893, 80 Cal. Rptr. 113 (1965)   . . .   14, 15

7   Chambliss v. Coca-Cola Bottling Corp.,
      274 F. Supp. 401 (E.D. Tenn. 1967)   . . . . . . .   7
8

9   Conover v. Dean Witter Reynolds, Inc.,
      794 F.2d 520 (9th Cir. 1986)   . . . . . . . . .   8

10  Griffin v. United Transportation Union,
      190 Cal. App. 3d 1359 (1987)   . . . . . . . . . .   5
11

12  Hanson v. Denckla,
      357 U.S. 235 (1958)   . . . . . . . . . . . . . .   14

13  International Shoe Co. v. State of Washington,
      326 U.S. 310 (1945)   . . . . . . . . . . .   13, 14, 17
14

15  J. M. Sahlein Music Co. V. Nippon Gakki Co.,
      197 Cal. App. 3d 539, 243 Cal. Rptr. 4 (1987)   . . .   13

16  Kulko v. California Superior Court,
      436 U.S. 84, 98 S. Ct. 1690, 56 L. Ed. 2d 132 (1978)   15
17

18  Lorenz v. Watson,
      258 F. Supp. 724 (E.D. Pa. 1966)   . . . . . . . .   10

19  McGee v. International Life Insurance Co.,
      355 U.S. 220 (1957)   . . . . . . . . . . . . . .   14
20

21  Olympic Capital Corp. v. Newman,
      276 F. Supp. 646 (C.D. Cal. 1967)   . . . . . . .   9, 10

22  Sibley v. Superior Court,
23    16 Cal. 3d 442, 128 Cal. Rptr. 34,
      546 P.2d 322 (1976)   . . . . . . . . . . . . .   16, 17

24  Stutz v. The Minnesota Mining & Manufacturing Co.,
      947 F. Supp. 399 (S.D. Ind. 1996)   . . . . . . . . .   5
25

26  United Industrial Corp. v. Nuclear Corp. of America,
      237 F. Supp. 971 (D. Del. 1964)   . . . . . . . .   9

27  Wolfe v. City of Alexandria,
      217 Cal. App. 3d 541, 265 Cal. Rptr. 881 (1990)   .   12
28

**TABLE OF AUTHORITIES**
(continued)

**Page**

World Wide Volkswagen Corp. v. Woodson,
  444 U.S. 286 (1980)    . . . . . . . . . . . . .    14, 16

Ziller Electronics Lab GmbH v. Superior Court,
  206 Cal. App. 3d 1222, 254 Cal. Rptr. 410 (1988)    .    13


**STATUTES**


15 U.S.C. § 77v    . . . . . . . . . . . . . . . .    1

15 U.S.C. § 78aa    . . . . . . . . . . . . . .    1, 6, 7

28 U.S.C. § 1367    . . . . . . . . . . . . . .    6, 11

California Code of Civil Procedure § 410.10    . . . .    14

California Code of Civil Procedure § 1917    . . . . .    14

1   **1.   INTRODUCTION AND SUMMARY OF ARGUMENT**

2   Plaintiffs allege in their Second Amended Complaint

3   ("SAC") that each of the unrelated Defendants sold different

4   promissory notes ("Notes") issued by Towers Financial

5   Corporation, Inc. ("Towers") in separate transactions to each

6   of the unrelated Plaintiffs.  Plaintiffs claim that, as a

7   result of the Defendants' conduct, Plaintiffs were induced to

8   purchase Towers Notes and/or reinvest the principal of such

9   investments in additional Note purchases.  Plaintiffs claim

10  that, unbeknownst to Plaintiffs, the source of the "interest"

11  they received on their Notes was the principal paid by later

12  Note investors.  With the collapse of Towers in New York in

13  1993, it was revealed that the Towers' Notes were worthless.

14  Indeed, there has been massive litigation in the United States

15  District Court for the Southern District of New York with

16  respect to the collapse of Towers, and the investors' claims

17  arising therefrom.

18  The specific allegations in Plaintiffs' SAC[1] against

19  Defendant Jay Biedenharn aka Joseph Augustus Biedenharn II

20  ("Biedenharn") is limited to the following:

21          Defendant JAY BIEDENHARN aka JOSEPH AUGUSTUS
            BIEDENHARN II, was a stock broker employed
22          by Biedenharn Investment Group, Inc. who, in
            the proper manner alleged herein,
23          recommended and sold $100,000 worth of
            note(s) to RALPH BROCKMAN.  Defendant
24          WILLIAM E. POWDRILL III was a stockbroker
            employed by Biedenharn Investment Group,
25          Inc. who, in the improper manner alleged
            herein, recommended and sold $500,000.00
26          worth of note(s) on or about August 13, 1990

27  _____

28  [1]   Defendant Biedenharn has not been served with the SAC.  However, since
    the Court granted Plaintiffs' Motion to File a Second Amended Complaint,
    Defendant Biedenharn responds thereto.

1      and $150,000.00 worth of note(s) on or about
June 1, 1991 to DANNY N. LITTON.  The acts

2      and omissions of JAY BIEDENHARN aka JOSEPH
AUGUSTUS BIEDENHARN II and POWDRILL were

3      within the course and scope of their agency
for Defendant Biedenharn Investment Group,

4      Inc. and at all times relevant herein, JAY
BIEDENHARN aka JOSEPH AUGUSTUS BIEDENHARN II

5      and POWDRILL were acting under the
supervision, direction and control of and

6      with the express implied authorization of
the shareholders, officers, compliance

7      officers, directors, registered principles
and other management level officials of

8      Biedenharn Investment Group, Inc.
Plaintiffs are informed and believe that

9      Defendants JAMES MCCURRY, WILLIAM E.
POWDRILL III, JAY BIEDENHARN aka JOSEPH

10     AUGUSTUS BIEDENHARN II, are the officers,
directors, compliance officers, managers,

11     owners and/or registered principles and/or
control persons and/or alter egos of

12     Biedenharn Investment Group, Inc. and said
defendants encouraged and/or authorized

13     and/or assisted and/or participated in and
ratified the wrongful conduct alleged herein

14     and are directly and secondarily liable for
the acts and omissions of Biedenharn

15     Investment Group, Inc. and its agents,
representatives, and employees as alleged

16     herein.

17  SAC, p. 5, ¶ 11.

18     Plaintiffs' SAC is barred by the statute of limitations.

19  Plaintiffs admit the federal causes of action are time barred

20  and erroneously assert the claims are tolled by the pendency of

21  an underlying class action in New York.  However, the claims

22  are not tolled by the underlying action which is awaiting

23  certification of the class, in a case where Biedenharn was

24  never a defendant.  Therefore, Plaintiffs' federal causes of

25  action are time barred.

26     Plaintiffs strategically title their state law causes of

27  action to avoid being barred by the statute of limitations.

28  However, it is evident by examining the SAC that the gravamen

1 | of Plaintiffs' allegations are based in fraud and thus are time

2 | barred.

3 |     Furthermore, Plaintiffs SAC must be dismissed since

4 | Defendant Biedenharn is not subject to venue in California.

5 | The SAC alleges no California nexus of any kind with these

6 | transactions involving this Defendant.  Biedenharn does not

7 | reside in California, nor has he ever transacted securities

8 | business in California.  More importantly, all of the parties

9 | identified in paragraph 11, <u>supra</u>, are residents of Louisiana,

10 | which is where the transaction took place.  Defendant never had

11 | any idea that he would be forced into California to defend

12 | these claims.  Therefore, as set forth below, venue over this

13 | Defendant in the Southern District of California is improper.

14 | **2. <u>PLAINTIFFS' CLAIMS AGAINST BIEDENHARN ARE</u>**
**<u>BARRED BY THE STATUTE OF LIMITATIONS</u>**

15

16 |     Plaintiffs, by only arguing tolling of the statue of

17 | limitations, implicitly admit that the federal allegations

18 | against Defendant Biedenharn are barred by the statute of

19 | limitations.  Even without this admission it is obvious from

20 | the face of the SAC and the Declaration of Biedenharn filed

21 | herewith that the alleged transactions transpired at the latest

22 | in September of 1992 and thus are barred by the three year

23 | statute of limitations under the 1933 Act and the 1934 Act.

24 | Thus, absent a finding that the federal causes of action are

25 | tolled, Plaintiffs' claims are time barred.

26 |     Plaintiffs contend that the pendency of the class action

27 | in <u>Gold, et al. v. Towers Financial Corporation, Inc. et al.</u>,

28 | later consolidated into <u>In Re Towers Financial Corporation</u>

1  <u>Noteholders Litigation</u>, USDC, Southern District of New York,

2  Master File No. 93 Civ. 0810 (WK), tolls the statute of

3  limitations.  Plaintiffs admit that several of the Defendants

4  in this action were not named in the <u>Gold</u> case.  However,

5  Plaintiffs assert that <u>Gold</u> tolls the statute even as to the

6  brokerage defendants that were not expressly named.  Neither

7  Defendant Biedenharn nor Defendant Biedenharn Investment Group

8  ("BIG") were named in the <u>Gold</u> action.

9      Plaintiffs and their same counsel argued, and lost, this

10  same tolling contention in the San Diego Superior Court case,

11  <u>Goodman, et al. v. Ashford Investments, Inc., et al.</u>, Case No.

12  700079, before Hon. Jeffrey T. Miller.[2]  Judge Miller explained

13  that the individual broker dealers were not named as putative

14  members and thus <u>Gold</u>, <u>supra</u>, was not applicable to the

15  individual Defendants.  Plaintiffs implicitly admit, by only

16  arguing tolling as to the defendant brokerage houses, that this

17  was a correct ruling.  Therefore, Plaintiffs' allegation

18  against Biedenharn as a registered representative who allegedly

19  sold Towers Note(s) is time barred.

20      Plaintiffs also contend that Biedenharn is liable for the

21  acts and omissions of BIG.  Plaintiffs do not, however, assert

22  any facts supporting an alter ego allegation.  Biedenharn is

23  not the alter ego of BIG, but assuming only for this argument

24  that there could even be alter ego liability, the statute of

25  limitations is not tolled by the <u>Gold</u> case as to Defendant BIG.

26

27  [2]  Defendant requests, as set forth in the Request For Judicial Notice ("RJN")
    filed herewith, that the Court take judicial notice of the <u>Gold</u> Second Amended
28  Complaint (Exhibit A thereto) and Judge Miller's January 24, 1997 ruling in
    <u>Goodman</u>, (Exhibit B thereto), pursuant to Federal Rule of Evidence 201.

1   Judge Miller ruled in <u>Goodman</u>, <u>supra</u>, that the pendency of
2   the underlying class action in <u>Gold</u> did not toll the statute of
3   limitations as to the defendant brokerage houses.  Judge Miller
4   properly ruled that Plaintiffs could "not rely on class tolling
5   until the proposed class action is deemed substantively viable
6   and the class is certified or decertified."  RJN, Ex. B.  Class
7   certification is necessary to trigger class tolling.

8           Judicial recognition of a proposed class,
            whether it is ultimately certified or
9           decertified, is needed to trigger class
            tolling.  Without an initial rule with
10          respect to class certification, the class
            action proposal would be illusory.
11
<u>Stutz v. The Minnesota Mining & Manufacturing Co.</u>, 947 F. Supp.
12  399, 403 (S.D. Ind. 1996).

13      Plaintiffs' Complaint here was filed prior to a class
14  certification in <u>Gold</u>, which may never occur.  Thus,
15  Plaintiffs' reliance on <u>Gold</u> to toll the statute of limitations
16  is misplaced.  Therefore, the statute of limitations has
17  expired as to Defendant BIG and respectively to Defendant
18  Biedenharn.

19      Finally, Plaintiffs claim that this action is timely under
20  a four year statute of limitations as to the pendent state
21  causes of action for breach of fiduciary duty, breach of
22  contract, and breach of trust.  Judge Miller also rejected this
23  argument.  Judge Miller, acknowledging the requirements set
24  forth in <u>Griffin v. United Transportation Union</u>, 190 Cal.App.3d
25  1359, 1362 (1987), determined the applicable statute of
26  limitations by focusing on the substance of the complaint or
27  the gravamen of the action rather than the form of the
28  pleadings.  Judge Miller stated "Plaintiffs claims sound in

1    *fraud and not mere breach of fiduciary duty*" and thus are time

2    barred by the applicable one year statue of limitations.  RJN

3    Ex. B (emphasis in original).

4        Plaintiffs have merely filed a complaint in federal court

5    alleging the same arguments they previously lost in state

6    court.  Plaintiffs fail to allege any additional facts than set

7    forth before Judge Miller in <u>Goodman</u>, <u>supra</u>.  Therefore,

8    Plaintiffs are still barred by the statute of limitations.

9                    3.  **<u>PLAINTIFFS' FEDERAL ALLEGATIONS FAIL</u>**
                         **<u>FOR IMPROPER VENUE</u>**

10

11   A.   **<u>Plaintiffs Base Jurisdiction And Venue On 15 U.S.C.</u>**
          **<u>Section 77v And 15 U.S.C. Section 78aa.</u>**

12       Plaintiffs assert that there is federal subject matter

13   jurisdiction:

14               over the federal claims herein under section
                 22(a) of the Securities Act, 15 U.S.C.
15               section 77v(a); section 27 of the Exchange
                 Act, 15 U.S.C. section 78aa.  The Court has
16               supplemental jurisdiction over the state law
                 claims herein under 28 U.S.C. *section 1367.*
17
     SAC, p. 2, ¶ 2.
18
         Both section 22(a) of the Securities Act of 1933 (the
19
     "1933 Act"), 15 U.S.C. § 77v and section 27 of the Securities
20
     Exchange Act of 1934 (the "1934 Act"), 15 U.S.C. § 78aa,
21
     provide for service of original process outside the forum
22
     state.  The terms of 15 U.S.C. section 77v are, in pertinent
23
     part, as follows:
24
                 (a) The district courts of the United
25               States...shall have jurisdiction...of
                 offenses and violations under this
26               subchapter...of all suits in equity and
                 actions at law brought to enforce any
27               liability or duty created by this
                 subchapter.  Any such suit or action may be
28               brought in the district wherein the

> defendant is found or is an inhabitant or
> transacts business, or in the district where
> the offer or sale took place, if the
> defendant participated therein, and process
> in such cases may be served in any other
> district of which the defendant is an
> inhabitant or wherever the defendant may be
> found... .

Likewise, 15 U.S.C. section 78aa, in pertinent part, provides as follows:

> The district courts of the United
> States...shall have exclusive jurisdiction
> of violations of this chapter or the rules
> and regulations thereunder, and of all suits
> in equity and actions at law brought to
> enforce any liability or duty created by
> this chapter or the rules and regulations
> thereunder.   ...Any suit or action to
> enforce any liability or duty created by
> this chapter or rules and regulations
> thereunder, or to enjoin any violation of
> such chapter or rules and regulations, may
> be brought in any such district or in the
> district wherein the defendant is found or
> is an inhabitant or transacts business, and
> process in such cases may be served in any
> other district of which the defendant is an
> inhabitant or wherever the defendant may be
> found... .

Under these sections, venue in a civil action predicated upon an alleged violation of the 1933 Act or the 1934 Act, or both, would properly lie in a district (1) as to the 1933 Act, in which the offer or sale of the security took place or, as to the 1934 Act, in which any act or transaction constituting the violation took place, (2) in which the defendant is found, (3) in which the defendant is an inhabitant, or (4) in which the defendant transacts business. Chambliss v. Coca-Cola Bottling Corp., 274 F. Supp. 401, 405 (E.D. Tenn. 1967) (criticized on other grounds).  Therefore, the only difference for venue between the 1933 Act and the 1934 Act is that the 1934 Act

provides greater venue choices than the 1933 Act by including the phrase "in which any act or transaction constituting the violation took place."  Conover v. Dean Witter Reynolds, Inc., 794 F.2d 520, 527 (9th Cir. 1986).  Even with the broader venue provision of the 1934 Act, venue is still not proper in the Southern District of California as to this moving Defendant.

Applying the venue provisions of the 1933 Act and the 1934 Act to Biedenharn clearly reveals that venue in the Southern District of California is not proper:  (1) As to the 1933 Act, Biedenharn did not offer or sell the subject securities in California; as to the 1934 Act, the alleged act or transaction constituting the violation did not take place in California; (2) Biedenharn was not found in California, (3) he does not inhabit California, nor (4) did he transact the subject business in California.

As shown in the Biedenharn Declaration, Biedenharn resides in Louisiana and he was not registered at any time to do business within the State of California, including at the time of the alleged transaction with Ralph Brockman.  In fact, the only Plaintiffs suing this Defendant, Ralph Brockman and Danny Litton, also live in Louisiana.  The alleged transaction was a sale of Notes in Louisiana from Louisiana Defendants to Louisiana Plaintiffs.  The SAC in this action is based on a cause of action for alleged illegal securities transactions arising out of alleged acts or events that took place, if at all, wholly in the State of Louisiana, and had nothing to do with California.

1    Biedenharn's Declaration states sufficient facts to reveal

2  venue is improper and the SAC lacks any facts asserting the

3  Southern District of California is the proper venue.  The SAC

4  merely alleges a sale of securities of $100,000 to Ralph

5  Brockman by Biedenharn, and $650,000 to Danny Litton by William

6  Powdrill.  The SAC fails to allege that the offer or sale of

7  the security took place in California; that the act or

8  transaction constituting the violation took place in

9  California; that the Defendant was found in California,

10  inhabits California or transacts business in California.

11  Plaintiffs' failure to allege the essential facts necessary to

12  evaluate venue is fatal to Plaintiffs' cause of action since

13  Plaintiffs bear the burden of proof of establishing proper

14  venue. <u>United Industrial Corp. v. Nuclear Corp. of America</u>, 237

15  F. Supp. 971, 979 (D.Del.1964).

16    In <u>Olympic Capital Corp. v. Newman</u>, 276 F. Supp. 646 (C.D.

17  Cal. 1967), plaintiff alleged that defendant sold a promissory

18  note through a combination of negotiations and acts in several

19  states, not including California.  Plaintiff, however, brought

20  the action in the Central District of California.  The court

21  held that venue was clearly improper since:

22            The only act of defendants material to the
          consideration of violations of the
23            Securities Acts alleged herein occurred in
          Colorado, Kansas, Oklahoma, or Texas, and
24            not in California.

25  276 F. Supp. at 654.

26    In the case at bar, the only alleged relevant act of

27  Defendant occurred in Louisiana and not in California.

28

1    Similarly, in <u>Lorenz v. Watson</u>, 258 F. Supp. 724 (E.D. Pa.

2    1966), the court ruled venue in Pennsylvania was improper in an

3    action against the New York Stock Exchange.  In that case, the

4    plaintiff alleged that the Exchange committed an act and

5    engaged in a transaction within the Eastern District of

6    Pennsylvania in failing to investigate and supervise the

7    activities of its brokers operating in Pennsylvania.  The court

8    stated:

9            Section 27 of the Act is a special venue
             provision and venue is to be established
10           only in compliance with its terms.  In the
             view this Court takes, any omission on the
11           part of the Exchange took place in New York
             where it conducts its affairs.  There is
12           nothing in the way of legislative history
             which suggests that Congress intended so
13           broad an interpretation of this provision,
             nor is such an interpretation necessary to
14           attain the basic objective of adequately
             protecting the investing public.
15
     <u>Id.</u> at 729.
16
        As in <u>Lorenz</u>, Plaintiffs here fail to allege facts to
17
     support venue in California against this Defendant in
18
     compliance with the terms of the 1933 Act or the 1934 Act.
19
        The court in <u>Olympic Capital</u>, <u>supra</u>, stated:
20
             Courts, facing the problem of the scope of a
21           sale transaction have uniformly held that
             when a seller in State S delivers a security
22           to a buyer in State B, who sends or delivers
             a check to the seller in State S, the sale
23           takes place in State B.  [Citation.]

24   276 F. Supp at 653.

25      Applying the above example in <u>Olympic Capital</u> to this

26   case, State B and State S are both Louisiana.  Thus, Plaintiffs

27   cannot assert that an offer or sale took place in California,

28   nor can Plaintiffs argue that any act or transaction

1  constituting the violation occurred in California.  Thus, to

2  assert venue under the 1933 Act or the 1934 Act, Plaintiffs

3  must prove Defendant was found, inhabits, or transacted

4  business in California.  However, Plaintiffs do not allege in

5  their SAC that Defendant was found within the Southern District

6  of California, or that he transacted business here at the time

7  of the alleged incident, or, finally, that Defendant is an

8  inhabitant of California.  Furthermore, the Biedenharn

9  Declaration shows otherwise.

10      Plaintiffs fail to allege any facts supporting their

11  assertion that venue in the Southern District of California is

12  proper.  Moreover, Plaintiffs cannot allege any facts

13  supporting a California venue since they do not exist.  The

14  alleged offer and sale took place, if at all, in Louisiana

15  between residents of Louisiana.  Thus, there is no basis for

16  venue in the Southern District of California.

17      **B.    Plaintiffs' State Causes of Action Fail For Lack Of
           Personal Jurisdiction and Improper Venue.**

18

19      Plaintiffs claim the Court has supplemental jurisdiction

20  over Plaintiffs' state law claims under 28 U.S.C.

    section 1367.[3]  While this statue may, but does not

21

22  necessarily, provide subject matter jurisdiction for the state

23  law claims, it does not grant personal jurisdiction or venue.[4]

    Thus, Plaintiffs must prove that the Court has personal

24

25  [3] Plaintiffs can only claim jurisdiction for the state law claims under section
    1367 since there is no diversity between the Louisiana Plaintiffs and the

26  Louisiana Defendants.

27  [4] The legislative history explicitly states that section 1367 in intended to
    give courts power to adjudicate certain matters lacking independent subject
    matter jurisdiction.  While explicitly providing for subject matter

28  jurisdiction, the legislative history never refers to personal jurisdiction nor
    venue.

jurisdiction over Defendant and that California is the proper

venue for the state claims to be heard.

### 4.  THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT BIEDENHARN

**A.  Plaintiffs Cannot Prove Defendant Has The Necessary "Minimums Contacts" With California Sufficient To Subject Defendant To Jurisdiction In California.**

Rule 12(b)(2), Fed.R.Civ.P., provides:

> Every defense, in law or fact, to a claim
> for relief in any pleading, whether a claim,
> counterclaim, cross-claim, or third-party
> claim, shall be asserted in the responsive
> pleading thereto if one is required, except
> that the following defenses may at the
> option of the pleader be made by motion:
> ...(2) lack of jurisdiction over the
> person.  ...A motion making any of these
> defenses shall be made before pleading if a
> further pleading is permitted... .

In this matter, nonresident Plaintiffs are attempting to

require a nonresident Defendant to be haled into a court in a

foreign jurisdiction.  Under well-settled constitutional law, a

*nonresident defendant cannot be sued in a foreign jurisdiction*

unless he has done some act or engaged in some transaction by

which he has purposefully availed himself "of the privilege of

conducting activities within the forum State, thus invoking the

benefits and protections of its law."  Wolfe v. City of

Alexandria, 217 Cal. App. 3d 541, 545, 265 Cal. Rptr. 881

(1990).

Plaintiff has the burden of proof to show by a

preponderance of the evidence that the nonresident defendant

has these "minimum contacts":

> When a nonresident defendant challenges
> personal jurisdiction the burden shifts to
> the plaintiff to demonstrate by a
> preponderance of the evidence that all

> necessary jurisdictional criteria are met.
> [Citation omitted.] This burden must be met
> by competent evidence in affidavits and
> authenticated documentary evidence.

Ziller Electronics Lab GmbH v. Superior Court, 206 Cal. App. 3d

1222, 1232-33, 254 Cal. Rptr. 410 (1988).

> [W]hen the plaintiff seeks to predicate
> jurisdiction on causing tortious effects in
> the forum state and when the record tends
> unequivocally to establish that the
> defendant's conduct did not cause such
> effects, the plaintiff "cannot demand that
> we judge the question of jurisdiction in the
> light of a claim he apparently does not
> have."

J. M. Sahlein Music Co. V. Nippon Gakki Co., 197 Cal. App. 3d

539, 545, 243 Cal. Rptr. 4 (1987).

The Plaintiffs cannot demonstrate by a preponderance of

the evidence that this moving Defendant has the necessary

minimum contacts with California to require this Defendant to

submit to jurisdiction in California.

**B.    Due Process Requires Certain Minimum Contacts By A Defendant With the Forum State.**

The amenability to suit of a nonresident in a particular

forum is governed by the limitations of the due process clause

of the United States Constitution.  The standards for

determining the constitutional exercise of personal

jurisdiction over nonresident corporations were established in

the case of International Shoe Co. v. State of Washington, 326

U.S. 310 (1945).  The Supreme Court in International Shoe Co.,

supra, held due process requires that sufficient "minimum

contacts" must exist in the forum state in order to enable the

courts of that state to constitutionally exercise jurisdiction

over nonresident defendants.

California Code of Civil Procedure ("CCP") section 410.10, the California "long arm" statute, provides:

> A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States.

Jurisdiction over the parties is necessary for the validity of any judgment *in personam.*  CCP § 1917.

Only when Plaintiffs have met their burden of proof of establishing minimum contacts may a court then decide to exercise personal jurisdiction over the defendant.  Here, however, the undisputed facts make it clear that no such jurisdiction exists with respect to Biedenharn.

In a series of landmark cases beginning with <u>International Shoe</u>, <u>supra</u>, the United States Supreme Court defined the parameters of the state's power to compel nonresidents to defend suits brought against them in the state's courts.  <u>See World Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286 (1980); <u>Hanson v. Denckla</u>, 357 U.S. 235 (1958); <u>McGee v. International Life Ins. Co.</u>, 355 U.S. 220 (1957).  The general rule is that the forum state may not exercise jurisdiction over a nonresident unless his relationship to the state is such as to make the exercise of such jurisdiction reasonable. <u>International Shoe</u>, <u>supra</u>, 326 U.S. at 320.

It is clear that fairness and reasonableness are the general criteria by which the constitutional limits of a court's jurisdiction are measured.  In <u>Buckeye Boiler Co. v. Superior Court</u>, 71 Cal. 2d 893, 80 Cal. Rptr. 113 (1965), the court stated:

> A defendant not literally "present" in the forum state may not be required to defend itself in that state's tribunals unless the "quality and nature of the defendant's activity" in relation to the particular cause of action makes it fair to do so.

71 Cal. 2d at 898.

Biedenharn does not reside in California, nor has he transacted any business in California with respect to the matters alleged in the SAC.  Therefore, Biedenharn does not have a relationship with California which would make the exercise of jurisdiction reasonable.  Dragging this moving Defendant, a Louisiana resident, into a federal court in California, in an action involving transactions between Louisiana residents taking place solely in Louisiana, would be unfair, unreasonable and would violate this Defendant's due process rights.

C.   **Since Plaintiffs And Defendant Did Not Purposefully Derive Benefit From Any Activities Relating To California, Personal Jurisdiction Over Them Is Lacking.**

It is undisputed that the Plaintiffs and Defendant never transacted business in California, never resided in California, nor had any financial interest in California corporations. [See attached Declaration of Biedenharn.]  This is not the sort of case where a claimed "effect" on a plaintiff in California could be a sufficient predicate for the exercise of jurisdiction because there is no effect in California.  See, Kulko v. California Superior Court, 436 U.S. 84, 96, 98 S. Ct. 1690, 56 L.Ed. 2d 132 (1978) ("In light of our conclusion that appellant did not purposefully derive benefit from any activities relating to the State of California, it is apparent

1  that the California Supreme Court's reliance on appellant's

2  having caused an 'effect' in California was misplaced."), Rev'q

3  Kulko v. California Superior Court, 19 Cal. 3d 514. 138 Cal.

4  Rptr. 586, 564 P.2d 353 (1977).

5      The U.S. Supreme Court reiterated its requirement of

6  purposeful availment to the forum state in World Wide

7  Volkswagen Corp., supra.  The Supreme Court rejected an

8  Oklahoma court's exercise of jurisdiction over a New York car

9  dealer for an injury from an accident in Oklahoma.  The only

10  basis for jurisdiction was the sale of the allegedly defective

11  car in New York by the defendant, who knew only that any

12  vehicle sold might be driven elsewhere.  The Court decided that

13  the defendant did not purposefully avail himself of the

14  privileges or protections of Oklahoma, thus personal

15  jurisdiction was lacking.

16      More recently, the Supreme Court found that merely putting

17  a product into the stream of commerce, even with knowledge that

18  it would eventually end up in a particular state, is an

19  insufficient basis for in personam jurisdiction over the

20  manufacturer.  Asahi Metal Industry Co. v. Superior Court, 480

21  U.S. 102 (1987).

22      Similarly, in Sibley v. Superior Court, 16 Cal. 3d 442.

23  128 Cal. Rptr. 34, 546 P.2d 322 (1976), a nonresident defendant

24  executed a guaranty of a partnership obligation to make

25  payments to a California plaintiff.  Id. at 444.  Evidence was

26  presented that the guaranty "induced [the plaintiff], a

27  California corporation, to enter into MTA, a new California

28  limited partnership, and that [the plaintiff] would not have

1  performed the MTA agreement without [the defendant]'s

2  guarantee."  Id. at 447.

3      The present case is far clearer than Sibley, where there

4  was at least a signed guaranty.  Here, the moving Defendant did

5  not sign anything that would have an "effect" in California.

6  This moving Defendant did not purposefully avail himself of the

7  privilege of conducting business in California, did not

8  anticipate nor derive an economic benefit in California, nor

9  did he assume any obligations which he might have sought to

10  enforce against the Plaintiffs in a California court.

11      However, even if Defendant's actions had an effect in

12  California, and they did not, jurisdiction must also be

13  reasonable.  The Sibley court, referencing the reasonableness

14  requirement in the Judicial Council comment, stated:

15          The mere causing of an "effect" in
            California, however, as acknowledged in the
16          Judicial Council comment quoted above, is not
            necessarily sufficient to afford a
17          constitutional basis for jurisdiction;
            notwithstanding this "effect," the imposition
18          of jurisdiction may be "unreasonable."    As
            was held in International Shoe Co. v.
19          Washington, supra, 326 U.S. 310, 66 S.Ct.
            154, 90 L.Ed. 95, a suit may not be
20          maintained where jurisdiction offends
            "traditional notions of fair play and
21          substantial justice."

22  Id. at pp. 316-317, 66 S.Ct. at p. 158, 90 L.Ed. at p. 102;

23  (citations omitted).

24      Plaintiffs cannot meet their burden of proof of showing, by

25  the preponderance of reasonable, credible evidence, that

26  Defendant purposefully derived benefit from activities aimed at

27  California sufficient to subject him to personal jurisdiction

28

1    here.    When neither the plaintiffs nor the defendant have

2    California connections, no personal jurisdiction may attach.

3    5.    **CONCLUSION**

4        Defendant Biedenharn's Motion to Dismiss the federal claims

5    based on the 1933 Act and the 1934 Act and the state claims must

6    be granted for lack of venue and personal jurisdiction, and

7    because they are all barred by the applicable statutes of

8    limitations.

9    DATED:    April 18, 1997        **POST KIRBY NOONAN & SWEAT   LLP**

10

11                                   By: _____
                                          Michael L. Kirby
12                                        Jodie M. Hardmeyer
                                          Attorneys for Defendant
13                                        JAY BIEDENHARN aka
                                          JOSEPH AUGUSTUS BIEDENHARN II

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28