USDC SCAN INDEX SHEET











BRADLEY

HOFFENBERG

TLW    6/20/97    11:24
3:96-CV-01023
*199*
*P/A.*

LEWIS, D'AMATO, BRISBOIS & BISGAARD LLP
ALAN E. GREENBERG, State Bar No. 90688
DEBRA B. BRANSE, State Bar No. 175771
550 West "C" Street, Suite 800
San Diego, California 92101
Telephone: (619) 233-1006
Facsimile: (619) 233-8627

Attorneys for Defendant JEFFREY G. LEVY

FILED
JUN 13 1997
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL F. CLARK, SR., et al., <br><br> Plaintiffs, <br><br> v. <br><br> ANDOVER SECURITIES, INC., et al., <br><br> Defendants. | Case No. 96-1023-JM (JFS) <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JEFFREY G. LEVY'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT (FED.R.CIV.P. 12(b)(6)) <br><br> Date: September 8, 1997 <br> Time: 10:30 a.m. <br> Court Room: 6 |

I. **INTRODUCTION.**

This action revolves around the losses incurred as a result of the purchase and sale of Towers Financial Corporation Promissory Notes ("Towers Notes") and the eventual financial demise of the Towers Financial Corporation ("Towers"). Plaintiffs, Paul F. Clark, Sr., et al. ("Plaintiffs") filed the present complaint against a number of parties, including Jeffrey G. Levy ("Levy"). The complaint states claims for breach of fiduciary duty, breach of trust, alter ego liability, sale of unregistered securities, declaratory relief, breach of contract, breach of trust, negligence and numerous securities fraud violations arising from the purchase and sale of the Towers Notes.

Levy is included in this sixty-six (66) page complaint by virtue of one alleged sale of Towers Notes to a Mr. Alan M. Nirenberg on or about June 12, 1991 and April 14, 1992.

DATA 97SD-24819.1

199-

Levy brings the present motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) because all of these claims against Levy are barred by the statute of limitations and the complaint, therefore, fails to state claim upon which relief can be granted. In addition, Plaintiffs fail to plead the fraud allegations with the particularity required under Federal Rule of Civil Procedure Section 9(b).

II.     **STATEMENT OF FACTS.**

In their complaint, Plaintiffs allege that Levy sold a total of $65,000 worth of Towers Notes to a Mr. Alan M. Nirenberg on or about June 12, 1991 and April 14, 1992. See Complaint 12:22-26. On or around March of 1993, Towers filed for Bankruptcy. Complaint 50:8. In June of 1993, Plaintiffs filed a class action in the Southern District of New York ("the underlying class action") naming, among others, a number of brokerage houses as defendants. Complaint 52:15-16. Apparently, Plaintiffs' claims against the brokerage house defendants in the class action are identical to the Plaintiffs' claims against the individual broker defendants in the present complaint. Complaint 54:11-13. Plaintiffs voluntarily dismissed the brokerage house defendants from the underlying class action in the fall of 1996. Complaint 54:13-17.

Plaintiffs filed the First Amended Complaint on September 24, 1996. The Second Amended Complaint was filed on April 4, 1997. The present action is similar to the Plaintiffs class action filed in New York except that it names only the individual brokers and the brokerage house defendants previously dismissed.

III.    **PLAINTIFFS' ACTION IS BARRED BY THE STATUTE OF LIMITATIONS.**

A statute of limitations defense may be raised by a motion to dismiss where the defect is apparent on the face of the complaint. Jablon v. Dean Witter, 614 F.2d 617, 682 (9th Cir. 1980). It is apparent from the face of Plaintiff's complaint that the statute of limitations has expired on all of their claims against Levy.

///

///

- 2 -

### A. A Class Action Does Not Toll the Statute of Limitations Against Defendants Who Did Not have Notice of the Charges Against Them Within the Applicable Statutory Period

The Supreme Court of the United States has determined that only where a plaintiff files an individual action against the *same* defendants as previously named in a class action in which plaintiff was a named or putative member of the proposed class will the filing of the class action serve to toll the running of the statute of limitations until the class is denied certification or certified and plaintiff chooses to opt out. American Pipe and Construction Co. V. Utah, 414 U.S. 538, 559, 94 S.Ct. 756, 769 (1974) *(emphasis added)*. In American Pipe, the district court found that the statute of limitations barred plaintiffs' attempt to intervene in an action once the court denied class certification. American Pipe, 94 S. Ct. at 760. The Supreme Court reversed finding that the filing of the class action tolled the statute of limitations as to all purported members of the class who made timely motions to intervene after the court denied certification. Id. at 766.

As the Supreme Court explained, statutes of limitations are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that "even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." Id. *quoting* Order of Railroad Express Agency, 321 U.S. 342, 64 S.Ct. 582, 88 L.Ed. 788. In the case of class actions, however, the Court found that the statute of limitations concerns were met since representative plaintiffs notified the defendants, within the period set by the statute of limitations, of the substantive claims being brought against them, as well as the number and generic identities of the potential plaintiffs who may participate in the judgement. Id. at 767. Since "defendants have the essential information necessary to determine both the subject matter and size of the prospective litigation, whether the actual trial is conducted in the form of a class action, as a joint suit, or as a principal suit with additional intervenors," the statute of limitations concerns are met under this circumstance. Id at 767.

In American Pipe, unlike the present federal action, the individual plaintiffs sought to file claims against the *same* defendants as were named in the class action. Id. at 762.

- 3 -

This fact was determinative to the Court's decision. It was only because the underlying class action served to put the defendants on notice of the claims against them that they were able to preserve their evidence, memories, and witnesses. In the present action, Levy and the other individual broker defendants were *not* named in the underlying class action and, therefore, did not have "the essential information necessary to determine both the subject matter and size of prospective litigation" against them within the period set by the statute of limitations. Id.

California Courts have followed the Supreme Court's lead on this issue. Stutz v. The Minnesota Mining Manufacturing Company, No. IP 96-58 C B/S, 1996 WL 705235 (S.D. Ind. November 15, 1996). In Stutz, the plaintiff filed a class action against certain defendants. Id. at *1. This action was subsequently dismissed and plaintiff refiled a second class action against the same defendants. Id. Shortly after the second class action was filed, the complaint was amended so that it no longer named the plaintiff as a representative member of the plaintiff class. Id. at *2. Plaintiff then filed an individual action against the same defendants, though the class in the underlying class action had not yet been certified or denied certification, and defendants moved to dismiss based on the expiration of the statute of limitations. Id. The court found that the plaintiff could not take advantage of the tolling provision where a class action was commenced, but the court had yet to determine the viability of the class. Id. at *6. As the Court explained:

> the tolling rule grants purported class members tremendous flexibility and protection in order to avoid duplicative lawsuits. Nonetheless, the tolling rule becomes more demanding when a plaintiff attempts to manipulate the rule in a way that frustrates its underlying purpose.... '[T]o find ... that the class action filings tolled the limitations period for plaintiffs' separate suit... would sanction duplicative suits and violate the policies behind American Pipe...'

Id. at *5 *quoting* Wachovia Bank & Trust Co., N.A. v. National Student Marketing Corp., 461 F. Supp. 999, 1012 (D.D.C. 1978), rev'd on other grounds, 650 F.2d 342 (D.C.Cir. 1980). The Court further noted that "Stutz's individual action cannot survive if it is an attempt to circumvent the statute of limitations by tapping into a proposed class only for the purpose of taking advantage of tolling." Id. Although the Court did opine that the plaintiff could still take advantage of the tolling provision to file his individual action once the court certified or denied

- 4 -

certification in the class action, the Court made clear that reliance on the underlying class action for tolling purposes was only possible if the Court found the class action was viable. Id. In the present action, however, Plaintiffs cannot rely on the underlying class action to toll the statute of limitations since the New York District Court determined that the underlying class action was not viable. Neither can the Plaintiffs assert a tolling argument against the individual broker defendants since they were admittedly not named in the underlying class action. See Exhibit "D" to the Request for Judicial Notice attached hereto.

Plaintiffs have cited numerous cases in their Second Amended Complaint which they submit stand for the proposition that a class action serves to toll a statute of limitations for plaintiffs' individual suits even though the defendants in plaintiffs' individual suits were not named as defendants in the class action. Complaint 52:6 - 55:17 *citing* In re Activision Securities Litigation, 1986 WL 15339 (N.D. Cal.); Appleton Electric Company v. Graves Truck Line, Inc, 635 F.2d 603 (7th Cir. 1988); In re Bestline Products Securities and Antitrust Litigation, 1975 WL 386 (S.D.Fla.); Tosti v. City of Los Angeles, 754 F.2d 1485 (9th Cir. 1985). In fact, none of these cases even suggest that such a proposition is possible. To allow tolling for a plaintiff's individual action against a defendant who was not specifically named in the underlying class action would be contrary to the purpose behind the statute of limitations. In all of the above-referenced cases, the courts allowed tolling of the statute of limitations **only** where the defendants named in the individual actions were also named or part of the named defendant class in the underlying class action and, therefore, had actual or constructive notice of the substance and nature of the claims against them.

In Chevalier v. Baird Sav. Ass'n, the Court found that a class action tolled the statute of limitations for defendants only when they were actually named in the complaint, even when the complaint originally named a defendant class. 72 F.R.D. 140 (1976). As the Court explained, "otherwise, defendants would be required to defend against actions of which they had no knowledge whatsoever until after the statute of limitations had run." Chevalier, 72 F.R.D. at 155. In Chevalier, the plaintiffs filed a class action against a class of defendants some of whom were specifically named in later amendments to the complaint. Id. at 154. Some of the

- 5 -

defendants who were named in the amended complaints moved to dismiss based on the running of the statute of limitations since the filing of the original complaint. Id. The Court held that even when a plaintiff initially names a defendant class "[i]t is not until a class is certified and notice sent that members are expected to be aware of the action or exercise any of the attendant rights or duties." Id. at fn. 45 citing American Pipe, supra.

Although Chevalier addresses a situation where defendants in a class action, rather than an individual action, seek to utilize a statute of limitations defense, this case stands for the proposition that a statute of limitations does not toll as to an individual defendant until that individual defendant is actually notified of the pending action. This fact is essential in every case where the courts allowed tolling. In this case, however, Levy and the other broker defendants were not named in the underlying class action and did not, therefore, have "the essential information necessary to determine both the subject matter and size of the prospective litigation." The underlying class action did not, then, toll the statute of limitations as to Plaintiffs' claims against Levy or the other individual broker defendants.

**B.    Expiration of the Statute of Limitations.**

The statute of limitations has run as to each and every claim asserted by the Plaintiffs against Levy.

**1.    § 10(b), Rule 10b-5 and §20 of the Securities Exchange Act.**

Plaintiffs' claims under Securities Exchange Act §§ 10(b), 20 and Rule 10b-5 are governed by the statue of limitations articulated in 15 U.S.C. § 77m. Usually, where no statute of limitations is specified in a federal claim, courts will "borrow" the statute of limitations from the state's parallel claim. The Supreme Court has determined, however, that where "the claim asserted is one implied under a statute that also contains an express claim with its own time limitation, a court should look first to the statute of origin to ascertain the proper limitations period." Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 111 S.Ct. 2773 (1991). Claims brought under the Securities Exchange Act of 1934, § 10(b) and Rule 10b-5 actions in particular, are, therefore, governed by the rule requiring that the case be brought within one year after the discovery of the facts constituting the violation or within three years after such

violation. Lampf, 111 S.Ct. at 2782. The statute of limitation begins to toll when the plaintiffs have actual or constructive notice of the facts constituting the fraud. Jablon v. Dean Witter, 614 F.2d 677, 682 (9th Cir. 1980). "Constructive notice is knowledge of facts sufficient to make a reasonably prudent person suspicious of fraud, thus putting him on inquiry." Jablon, 614 F.2d at 682 *citing* Robuck v. Dean Witter & Co., (9th Cir. August 31, 1979, slip op. at 3291).

The Plaintiffs' First Amended Complaint ("Complaint") was filed in the Southern District of California on September 24, 1996. The Complaint states that Plaintiffs gradually learned of the true facts regarding Towers at "various times" after Towers filed for bankruptcy in March of 1993. Complaint 50:9-14. Applying the statute of limitations articulated in Lampf above, as long as no individual Plaintiff discovered the alleged fraud after September 24, 1996, one year prior to the filing of this action, this action will be barred by the one year statute of limitations. By Plaintiffs' own admissions, however, they learned of the facts constituting the alleged violation as of December of 1992. Complaint 59:2-4.

Neither can the Plaintiffs demonstrate that their action was filed "within three years after the violation" constituting this claim. The Complaint alleges sales by Levy on June 12, 1991 and April 14, 1992. Complaint 12:24-26. Since this action was not filed until September 24, 1996, it is clear that none of the alleged violations occurred within the three year statute of limitations. The Plaintiffs' Securities Exchange Act claims are, therefore, barred by the statute of limitations.

2. **§§ 12(1), 12(2) and 15 of the Securities Act of 1933.**

The claims under Sections 12(1) and 12(2) of the Securities Act of 1933, codified in 15 U.S.C. §§ 77l(1) and 77l(2), are governed by the statute of limitations articulated in 15 U.S.C. § 77m. Webster v. Omnitrition International, Inc, 79 F.3d 776, 788 (9th Cir. 1996). Section 77m requires that claims under this section be brought within one year after the violation upon which it is based, regardless of when the violation is discovered, and in no event more than three years after the subject sale. The violations upon which the present claims are based are the subject sales. Plaintiffs allege sales by Levy on June 12, 1991 and April 14, 1992. Complaint 12:24-26. Since the Plaintiffs' complaint was filed more than three years after the alleged sales

by Levy, these claims are time barred.

The claim under Section 15 of the Securities Act of 1933, codified in 15 U.S.C. § 77o, is also governed by Section 77m. This section creates liability for persons who control those found liable under Sections 77l(1) or 77l(2). However, since the Plaintiffs claims under Sections 77l(1) and 77l(2) are time barred, their claims under Section 77o are also necessarily time barred.

### 3. Breach of Fiduciary Duty.

The Plaintiffs' common law claim for breach of fiduciary duty must also borrow its statute of limitations from the parallel state law. In California, a breach of fiduciary duty claim which amounts to fraud is governed by Section 338(d), discussed above. This claim is, therefore, also barred by the statute of limitations.

### 4. Declaratory Relief.

Plaintiffs' declaratory relief claim seeks a declaration that the written contracts between Plaintiffs and Defendants are voidable and that the statute of limitations has not expired for the claims in this case. The statute of limitations which governs a request for declaratory relief is the same as the one applicable to an action on the claim. Zuill v. Shanahan, 80 F.3d 1366 (9th Cir. 1996). As discussed above, the Plaintiffs' fraud claims are governed by California Code of Civil Procedure Section 338(d) and are, therefore, barred by the statute of limitations. Unfortunately, there is no case law discussing the statute of limitations for a declaratory relief claim seeking a declaration that the statute of limitations has not expired.

### 5. Fraud in the Sale of Securities.

The Plaintiffs' claim for violations of Section 25504.2 of the California Corporations Code are governed by the statute of limitations articulated in Section 25506.1 of the same code. Section 25506.1 states that an action for a violation of Section 25504.2 must be brought within one year of discovery of the facts constituting the violation, but "[i]n no event any such action should be brought more than three years after the act or transaction constituting the violation."

Plaintiffs' claims for violations of Sections 25501, 25504 and 25504.1 are

governed by the statute of limitations articulated in Section 25506. Section 25506 requires that actions be brought within one year of discovery of the facts constituting the violation, but in no event more than four years after the act or transaction constituting the violation.

Plaintiffs' claims for violations of Section 25401 are also governed by Section 25506. Section 25506 sets forth an absolute four year statute of limitations for Section 25401 claims. Again, all of Plaintiffs' claims under these sections are barred by the statute of limitations since this action was not brought within a year of the Plaintiffs' discovery of the facts or within four years after the alleged sales by Levy.

### 6. Sale of Unregistered Securities

Sections 25503 and 25110 of the California Corporations Code are governed by Section 25507(a) of the same code. Section 25507(a) requires that actions be brought within one year of discovery of the facts constituting the violation, but in no event more than two years after the act constituting the violation, whichever first expires. Since Plaintiffs cannot meet the three and four year statutes of limitations discussed above, they clearly cannot meet this more burdensome two year limit and their claims under these sections are time barred.

### 7. Professional and Ordinary Negligence

Section 3294 of the California Civil Code is governed by the statute of limitations articulated in Section 340(3) of the California Code of Civil Procedure. Section 340(3) sets forth a one year statute of limitations. Whether the statute of limitations begins to run when the fraud occurred or when it was discovered, the Plaintiffs did not file this action within a year of either date and this claim is, therefore, time barred.

## IV. THE COMPLAINT FAILS TO PLEAD FRAUD WITH PARTICULARITY.

Rule 9(b) of the Federal Rules of Civil Procedure provide in pertinent part that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R.Civ. P. § 9(b). Under Rule 9(b), a pleader must state the time, place and specific content of the false representation. Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985) citing Miscellaneous Service Workers, Drivers & Helpers v. Philco-Ford Corp., 661 F.2d 776, 782 (9th Cir. 1981). As the Court explained, Rule 9(b) requires that the

- 9 -

allegations of fraud be specific enough to give defendant notice of the particular misconduct which is alleged to amount to fraud so that he may defend against it. Semegen, 780 F.2d at 731. In Semegen, the plaintiffs did nothing more than set forth conclusory allegations of fraud and general facts. Id. Absent specification in the complaint of the times, dates, places or other details of the alleged fraud, the defendants cannot prepare an adequate answer. Id.

Levy hereby moves to dismiss the Complaint for lack of specificity under Rule 9(b). Although the Complaint is 66 pages long, 55 pages of which describe the facts and circumstances giving rise to the action, it fails to specify the time, place and specific content of the false representations allegedly made by Levy to Mr. Alan M. Nirenberg. The Complaint also fails to state Mr. Nirenberg's age for the fraud on a senior citizen claim. The Plaintiffs merely give a general accounting of facts which they then assert apply generally to all the Plaintiffs and Defendants. Such allegations are not specific enough to enable Levy to prepare an adequate answer. Neither are such allegations sufficient to apprise Levy of the claims against him. It is unclear from the Complaint what representations or misrepresentations Plaintiffs alleged Levy made, when he made them, to whom he made them or where they were made. It is unlikely that all of the Defendants named in this action made the same alleged representations or misrepresentations. Because this Complaint fails to meet the specificity requirements of Federal Rules of Civil Procedure 9(b), it must be dismissed.

**CONCLUSION.**

On the basis of the above, no claim referenced by the plaintiff is viable as a matter of law. The statute of limitations bars all of Plaintiffs' claims against Levy. In addition, the Complaint fails to plead the fraud allegations with the required specificity. The motion to dismiss should, therefore, be granted.

Dated: June 13, 1997

LEWIS, D'AMATO, BRISBOIS & BISGAARD LLP
ALAN E. GREENBERG
DEBRA B. BRANSE

By: _____
DEBRA B. BRANSE
Attorneys for Defendant
JEFFREY G. LEVY

DATA 97SD-24819.1

- 10 -