USDC SCAN INDEX SHEET

















RAB   1/8/99   12:33

3:96-CV-01023   BRADLEY V. HOFFENBERG

*258*

*ANS.*

William R. Rapson, #48999
WELBORN SULLIVAN MECK &
  TOOLEY, P.C.
1775 Sherman Street, Suite 1800
Denver, Colorado 80203
(303) 830-2500; fax: (303) 832-2366

Attorneys for Defendant
Robert H. Bucher



## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL F. CLARK, SR., PATRICIA J. CLARK, RICHARD H. COOPER, LLOYD GROSS, JENNIE GROSS, ERNEST HAMILTON, BETTY M. KOBERNUSS, GRACE K. MORGAN, JOHN A. LEACH, HELEN H. LEACH, MICHAEL PALMISANO, ROGER M. PALMISANO, CRYSTAL L. PALMISANO, RALPH BROCKMAN, DANNY N. LITTON, WILLIAM D. BRADLEY, EDITH L. BRADLEY, MICHAEL FLYNN, JANE D. WITHERS, WILLIAM BURT ROSENTHAL, individually and as Trustee of the MERIAN L. ROSENTHAL FAMILY TRUST, MERIAN L. ROSENTHAL, deceased, BEN E. CARNES, JAMES R. FRANKLIN, ROBERT G. SCHLENZIG, GAIL G. SCHLENZIG, BARBARA L. FOSTER, VICTORIA BEIS, ALFRED BEIS, VIOLA M. GIAGNORIO, DANIEL W. GORSKI, ROSE GORSKI, DARLENE E. GORSKI, WILLIAM R. PATZER, DIXON ALLEN, Executor of THE ESTATE OF EARL F. ALLEN, SCOTT CARMONA, ROBERT I. SHERMAN, individually and as Trustee of the ROBERT I. SHERMAN REVOCABLE LIVING TRUST, WILLIAM RANDALL, WINONA RANDALL, STANLEY BRUSKIN, DONALD B. KIEY, ALAN M. NIRENBERG, JEROME M. FELDMAN, STEVEN L. FELDMAN, DEBRA MCENEANY, NORMAN EISNER, GARY MEDWED, JEANNE MEDWED, FRED D. PANEPUCCI, CARROLL V. SORELLE, C.V. SORELLE & COMPANY, a Colorado corporation, STELIO MANGIOLA, JOHN P. CUTLER, | Case No. 96-1023-S (JFS)<br><br><br>ANSWER OF DEFENDANT, ROBERT H. BUCHER, TO SECOND AMENDED COMPLAINT |



258

BARBARA L. CUTLER, DOUGLAS FAUSER,     )
DALE FAUSER, ISRAEL GARTNER, RUTH      )
NIEMCZYK, NATHAN REINER, MONTCLAIR     )
INVESTMENT CO., a New Jersey           )
corporation, JONAS STULMAN, HARVEY     )
PERETZ, STEVE RUBENSTEIN, PAULINE      )
SCHAFER, MARTIN DOLIN, JOAN DOLIN,     )
JEROME FOREMAN, individually and as    )
partner of WILSHIRE ASSOCIATES,        )
HAROLD FOREMAN, individually and as    )
partner of WILSHIRE ASSOCIATES,        )
GARY HAMILTON, CHARLOTTE BARON,        )
GEORGE ZIEFLE, individually and as     )
Trustee of A.Q.L. DECORATING CO.,      )
INC. ESOP, JEANETTE ZIEFLE, HARRY      )
SHAPIRO, BERYLLE SHAPIRO, STEVEN H.    )
JOHNSON, HOWARD S. ALLEN,              )
individually and as Trustee of the    )
HOWARD S. ALLEN TRUST U/A DTD          )
09/16/80, RUSSELL A. REUTER,           )
JUDITH A. REUTER, PAUL MEIER,          )
individually and as Trustee of the    )
EXCEL BOTTLING CO. PENSION PLAN,       )
PAUL E. MEIER, individually and as     )
Trustee of the PAUL E. MEIER TRUST,    )
which has been transferred to the      )
EDWARD & CATHERINE MEIER               )
IRREVOCABLE INSURANCE TRUST,           )
PAUL E. MEIER, individually and as     )
Trustee of the EDWARD J. MEIER         )
REVOCABLE LIVING TRUST, BRENDA L.      )
PECK, individually and as Trustee      )
of the DETRAE ENTERPRISES, INC.        )
PENSION PLAN, BRENDA L. PECK AKA       )
BRENDA L. BRADY, JOHN RUGGIERO,        )
SYDNEY P. JARKOW, AURELIO M.           )
CACCOMO, ARTHUR M. KRILL,              )
individually and as Trustee of the    )
THE KRILL CO., HENRY C. LOCKLAR,       )
ALLENE K. LOCKLAR, RICHARD D.          )
URWILLER, MICHAEL A. JOHNSON,          )
DONALD M. SWEAZY, JUDITH S. LEE,       )
GEORGE O. CHAPLIN, individually and    )
as Executor of the ESTATE OF           )
CHARLES W. & BETTE J. CHAPLIN,         )
WILLIAM G. LEONARD; JACQUELINE         )
LEONARD; EDWARD RAPPAPORT, I. PAUL     )
RAPPAPORT, individually and as         )

ii

Trustee FBO PAUL RAPPAPORT SELF          )
EMPLOYED MONEY PURCHASE PLAN             )
12/23/87, I. PAUL RAPPAPORT,             )
individually and as Trustee FBO          )
PAUL RAPPAPORT SELF EMPLOYED             )
PROFIT SHARING PLAN 12/23/87,            )
RANDYE RAPPAPORT, RICHARD WORTH,         )
ILA MAY HOLMES, KENNETH C.               )
GRIFFITH, JOAN P. GRIFFITH,              )
STUART J. HEPBURN, and BETTY F.          )
HEPBURN,                                 )
                                         )
            Plaintiffs,                  )
                                         )
v.                                       )
                                         )
ANDOVER SECURITIES, INC., a              )
Missouri corporation, GARY BOHLING,      )
JAY BIEDENHARN AKA JOSEPH AUGUSTUS        )
BIEDENHARN II, WILLIAM E. POWDRILL        )
III, JAMES MCCURRY, CAMBRIDGE            )
CAPITAL  MANAGEMENT, a Michigan          )
corporation, JEFFREY A. EGAN,            )
DANIEL P. THOMAS, CENTER CITY            )
PLANNING, a New York corporation,        )
JOSEPH A. CLAIR III, GARY HONODEL,       )
NEIDIGER, TUCKER, BRUNER, INC., a        )
Colorado corporation, DENNIS M.          )
EICHINGER, JAMES L. FAINTER, CRAIG       )
OVERMEYER, DAVIDSON SECURITIES, a        )
corporation, J.O. DAVIDSON &             )
ASSOCIATES, INC., a Kansas               )
corporation, DALE KIDWELL, JOHN          )
AHLBRAND, RON BRAY, ENRIGHT              )
FINANCIAL ADVISORS, a New Jersey         )
corporation, STEVEN ENRIGHT,             )
HARBOUR INVESTMENTS, INC., a             )
Wisconsin corporation, TERRANCE P.       )
JANKE, HARLAND FINANCIAL SERVICES        )
CORP., a New York corporation,           )
JEFFREY G. LEVY, KURZ-LIEBOW &           )
COMPANY, INC., a New York                )
corporation; HERBERT SARAGA,             )
JACQUES SARTISKY, GERALD CORAGGIO,       )
I DO ENTERPRISES, INC., dba GENEVA       )
INVESTMENT GROUP, an Illinois            )
corporation, MICHAEL D. OLESEN,          )
GILL AND ASSOCIATES, INC., a             )

Colorado corporation, TED GILL,                )
HALPERT & CO., formerly HALPERT,               )
OBERST & COMPANY, a New Jersey                 )
corporation, NANCY LYNN BARRETT,               )
MICHAEL GOLDSTEIN, ALAN HALPERT,               )
MICHAEL J. PETRUCELLI, MATHEW                   )
COHEN, JAY R. OBERST, PATRICK J.               )
TIEDEMANN, LINDA D. PYNAPPEL,                  )
JINCO LEASING CORP., dba JINCO                 )
FINANCIAL CORP., a Colorado                    )
corporation, WAYNE MORRISON,                   )
KITTLAUS COMPANY, a corporation,               )
KARL KITTLAUS, M.E. METZLER                    )
ORGANIZATION, INC., a Missouri                 )
corporation, MILTON E. METZLER,                )
MICHAEL COURTE, MONETA FINANCIAL               )
SERVICES, a corporation, FREDERICK             )
ELIASSEN, PETER SPANIOL, GARY                  )
BALUMAS, HERBERT B. JENKINS,                   )
PENSIONS FOR BUSINESS, INC., a New             )
York corporation, PROFESSIONAL                 )
BUSINESS CONSULTANTS, an Illinois              )
corporation, DAVID J. WELLEHAN,                )
R.G. DICKINSON & CO., an Iowa                  )
corporation, THOMAS M. LOBAUGH, BOB )
BUCHER, SCOTT S. MCGOUGH, JOHN                 )
SULLIVAN, BARBARA KELLEY, SINE QUA             )
NON, a New York corporation, JAY C. )
BUITENKENT, JIMMY OZMER, ETON                  )
SECURITIES CORPORATION, a                      )
corporation, MONVEST SECURITIES,               )
INC., a corporation, ANDREW REEGEN, )
MITCHELL BRATER, T.L. SMITH                    )
SECURITIES, a Texas corporation,               )
FRED R. LEFEVRE, RONALD IRVING                 )
RAPPAPORT, SOUTHWEST SECURITIES,               )
INC., a Delaware corporation,                  )
TRANSCO SECURITIES, a corporation,             )
ED SCHUCHARDT, U.S. SECURITIES                 )
CLEARING CORP., an Oregon                      )
corporation, DON JONES, VAUTRAIN               )
NELSON LEFEVRE ENDSLEY AND DURHAM,             )
INC., a Texas corporation, and LYNN )
VAUTRAIN,                                      )
                                               )
          Defendants.                          )
                                               )
                                               )
_____        )

iv

COMES NOW the defendant, Robert H. Bucher, by and through his counsel, William R. Rapson of Welborn Sullivan Meck & Tooley, P.C., and for his Answer to the plaintiffs' Second Amended Complaint states:

1.    Admitted.

2.    Admitted.

3.    This defendant is without sufficient information to admit or deny the allegations of this paragraph since he had no involvement or knowledge about the myriad transactions between the plaintiffs in this case and the other defendants and therefore denies the same.

4.    This defendant is without sufficient information to admit or deny the allegations of this paragraph since he had no involvement or knowledge about the myriad transactions between the plaintiffs in this case and the other defendants and therefore denies the same.

5.    This defendant is without sufficient information to admit or deny the allegations of this paragraph since he had no involvement or knowledge about the myriad transactions between the plaintiffs in this case and the other defendants and therefore denies the same.

6.    This defendant is without sufficient information to admit or deny the allegations of this paragraph since he had no involvement or knowledge about the myriad transactions between the

plaintiffs in this case and the other defendants and therefore denies the same.

7.    This defendant is without sufficient information to admit or deny the allegations of this paragraph since he had no involvement or knowledge about the myriad transactions between the plaintiffs in this case and the other defendants and therefore denies the same.

8.    This defendant is without sufficient information to admit or deny the allegations of this paragraph since he had no involvement or knowledge about the myriad transactions between the plaintiffs in this case and the other defendants and therefore denies the same.

9.    This defendant is without sufficient information to admit or deny the allegations of this paragraph since he had no involvement or knowledge about the myriad transactions between the plaintiffs in this case and the other defendants and therefore denies the same.

10.    The allegations of this paragraph apply to other defendants and not this defendant and this defendant has no knowledge of said transactions and accordingly denies the same.

11.    The allegations of this paragraph apply to other defendants and not this defendant and this defendant has no knowledge of said transactions and accordingly denies the same.

12. The allegations of this paragraph apply to other defendants and not this defendant and this defendant has no knowledge of said transactions and accordingly denies the same.

13. The allegations of this paragraph apply to other defendants and not this defendant and this defendant has no knowledge of said transactions and accordingly denies the same.

14. The allegations of this paragraph apply to other defendants and not this defendant and this defendant has no knowledge of said transactions and accordingly denies the same.

15. The allegations of this paragraph apply to other defendants and not this defendant and this defendant has no knowledge of said transactions and accordingly denies the same.

16. The allegations of this paragraph apply to other defendants and not this defendant and this defendant has no knowledge of said transactions and accordingly denies the same.

17. The allegations of this paragraph apply to other defendants and not this defendant and this defendant has no knowledge of said transactions and accordingly denies the same.

18. The allegations of this paragraph apply to other defendants and not this defendant and this defendant has no knowledge of said transactions and accordingly denies the same.

19. The allegations of this paragraph apply to other defendants and not this defendant and this defendant has no knowledge of said transactions and accordingly denies the same.

3

20.    The allegations of this paragraph apply to other defendants and not this defendant and this defendant has no knowledge of said transactions and accordingly denies the same.

21.    The allegations of this paragraph apply to other defendants and not this defendant and this defendant has no knowledge of said transactions and accordingly denies the same.

22.    The allegations of this paragraph apply to other defendants and not this defendant and this defendant has no knowledge of said transactions and accordingly denies the same.

23.    The allegations of this paragraph apply to other defendants and not this defendant and this defendant has no knowledge of said transactions and accordingly denies the same.

24.    The allegations of this paragraph apply to other defendants and not this defendant and this defendant has no knowledge of said transactions and accordingly denies the same.

25.    The allegations of this paragraph apply to other defendants and not this defendant and this defendant has no knowledge of said transactions and accordingly denies the same.

26.    The allegations of this paragraph apply to other defendants and not this defendant and this defendant has no knowledge of said transactions and accordingly denies the same.

27.    The allegations of this paragraph apply to other defendants and not this defendant and this defendant has no knowledge of said transactions and accordingly denies the same.

28. The allegations of this paragraph apply to other defendants and not this defendant and this defendant has no knowledge of said transactions and accordingly denies the same.

29. The allegations of this paragraph apply to other defendants and not this defendant and this defendant has no knowledge of said transactions and accordingly denies the same.

30. The allegations of this paragraph apply to other defendants and not this defendant and this defendant has no knowledge of said transactions and accordingly denies the same.

31. The allegations of this paragraph apply to other defendants and not this defendant and this defendant has no knowledge of said transactions and accordingly denies the same.

32. The defendant, Robert H. Bucher, admits that he was a stockbroker employed by Dickinson and that he sold $100,000 of Towers notes to Richard P. Urwiller on or about February 28, 1992, and in so doing he acted within the scope and authority of his agency for Dickinson. The balance of the allegations are denied either because they are wrong or because this defendant has no knowledge of the matters alleged.

33. The allegations of this paragraph apply to other defendants and not this defendant and this defendant has no knowledge of said transactions and accordingly denies the same.

34. The allegations of this paragraph apply to other defendants and not this defendant and this defendant has no knowledge of said transactions and accordingly denies the same.

35. The allegations of this paragraph apply to other defendants and not this defendant and this defendant has no knowledge of said transactions and accordingly denies the same.

36. The allegations of this paragraph apply to other defendants and not this defendant and this defendant has no knowledge of said transactions and accordingly denies the same.

37. The allegations of this paragraph apply to other defendants and not this defendant and this defendant has no knowledge of said transactions and accordingly denies the same.

38. The allegations of this paragraph apply to other defendants and not this defendant and this defendant has no knowledge of said transactions and accordingly denies the same.

39. This defendant is without sufficient information to admit or deny the allegations of this paragraph since he had no involvement or knowledge about the myriad transactions between the plaintiffs in this case and the other defendants and therefore denies the same.

40. This defendant is without sufficient information to admit or deny the allegations of this paragraph since he had no involvement or knowledge about the myriad transactions between the

plaintiffs in this case and the other defendants and therefore denies the same.

41.   This defendant is without sufficient information to admit or deny the allegations of this paragraph since he had no involvement or knowledge about the myriad transactions between the plaintiffs in this case and the other defendants and therefore denies the same.

42.   Admitted.

43.   Admitted.

44.   Admitted.

45.   Admitted.

46.   Admitted.

47.   Admitted.

48.   Admitted.

49.   This defendant is without sufficient information to admit or deny the allegations of this paragraph since he had no involvement or knowledge about the myriad transactions between the plaintiffs in this case and the other defendants and therefore denies the same.

50.   Admitted as to part and denied as to part.

51.   Denied.

52.   Admitted.

53.   Admitted.

54.   Admitted.

7

55.   Defendant is without sufficient information or knowledge with which to form a belief as to the truth of the allegations in paragraph 55 of plaintiffs' Second Amended Complaint and therefore denies same.

56.   Admitted.

57.   Admitted.

58.   Admitted.

59.   Admitted.

60.   Admitted.

61.   Admitted.

62.   Admitted.

63.   Admitted.

64.   Defendant is without sufficient information or knowledge with which to form a belief as to the truth of the allegations in paragraph 64 of plaintiffs' Second Amended Complaint and therefore denies same.

65.   Defendant is without sufficient information or knowledge with which to form a belief as to the truth of the allegations in paragraph 65 of plaintiffs' Second Amended Complaint and therefore denies same.

66.   Admitted.

67.   Admitted.

68.   Defendant is without sufficient information or knowledge with which to form a belief as to the truth of the allegations in

8

paragraph 68 of plaintiffs' Second Amended Complaint and therefore
denies same.

      69.    Admitted.

      70.    Admitted.

      71.    Admitted.

      72.    Admitted.

      73.    Admitted.

      74.    Admitted.

      75.    Admitted.

      76.    Admitted.

      77.    Defendant is without sufficient information or knowledge
with which to form a belief as to the truth of the allegations in
paragraph 77 of plaintiffs' Second Amended Complaint and therefore
denies same.

      78.    Defendant is without sufficient information or knowledge
with which to form a belief as to the truth of the allegations in
paragraph 78 of plaintiffs' Second Amended Complaint and therefore
denies same.

      79.    Admitted.

      80.    Defendant is without sufficient information or knowledge
with which to form a belief as to the truth of the allegations in
paragraph 80 of plaintiffs' Second Amended Complaint and therefore
denies same.

81.   Defendant is without sufficient information or knowledge with which to form a belief as to the truth of the allegations in paragraph 81 of plaintiffs' Second Amended Complaint and therefore denies same.

82.   Defendant is without sufficient information or knowledge with which to form a belief as to the truth of the allegations in paragraph 82 of plaintiffs' Second Amended Complaint and therefore denies same.

83.   Defendant is without sufficient information or knowledge with which to form a belief as to the truth of the allegations in paragraph 83 of plaintiffs' Second Amended Complaint and therefore denies same.

84.   Defendant is without sufficient information or knowledge with which to form a belief as to the truth of the allegations in paragraph 84 of plaintiffs' Second Amended Complaint and therefore denies same.

85.   Defendant is without sufficient information or knowledge with which to form a belief as to the truth of the allegations in paragraph 85 of plaintiffs' Second Amended Complaint and therefore denies same.

86.   Defendant is without sufficient information or knowledge with which to form a belief as to the truth of the allegations in paragraph 86 of plaintiffs' Second Amended Complaint and therefore denies same.

87.    Defendant is without sufficient information or knowledge with which to form a belief as to the truth of the allegations in paragraph 87 of plaintiffs' Second Amended Complaint and therefore denies same.

88.    Defendant is without sufficient information or knowledge with which to form a belief as to the truth of the allegations in paragraph 88 of plaintiffs' Second Amended Complaint and therefore denies same.

89.    Denied.

90.    Defendant is without sufficient information or knowledge with which to form a belief as to the truth of the allegations in paragraph 90 of plaintiffs' Second Amended Complaint and therefore denies same.

91.    Admitted.

92.    Defendant is without sufficient information or knowledge with which to form a belief as to the truth of the allegations in paragraph 92 of plaintiffs' Second Amended Complaint and therefore denies same.

93.    Defendant is without sufficient information or knowledge with which to form a belief as to the truth of the allegations in paragraph 93 of plaintiffs' Second Amended Complaint and therefore denies same.

94.    Defendant is without sufficient information or knowledge with which to form a belief as to the truth of the allegations in

11

paragraph 94 of plaintiffs' Second Amended Complaint and therefore
denies same.

    95.   Admitted.

    96.   Admitted.

    97.   Admitted.

    98.   Defendant is without sufficient information or knowledge
with which to form a belief as to the truth of the allegations in
paragraph 98 of plaintiffs' Second Amended Complaint and therefore
denies same.

    99.   Denied.

    100.  This defendant is without sufficient information to
admit or deny the allegations of this paragraph since he had no
involvement or knowledge about the myriad transactions between the
plaintiffs in this case and the other defendants and therefore
denies the same.

    101.  Denied.

    102.  Denied.

    103.  Denied.

    104.  Denied.

    105.  Denied.

    106.  Denied.

    107.  Denied.

    108.  Denied.

    109.  Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    This defendant is without sufficient information to admit or deny the allegations of this paragraph since he had no involvement or knowledge about the myriad transactions between the plaintiffs in this case and the other defendants and therefore denies the same.

114.    This defendant is without sufficient information to admit or deny the allegations of this paragraph since he had no involvement or knowledge about the myriad transactions between the plaintiffs in this case and the other defendants and therefore denies the same.

115.    This defendant is without sufficient information to admit or deny the allegations of this paragraph since he had no involvement or knowledge about the myriad transactions between the plaintiffs in this case and the other defendants and therefore denies the same.

116.    This defendant is without sufficient information to admit or deny the allegations of this paragraph since he had no involvement or knowledge about the myriad transactions between the plaintiffs in this case and the other defendants and therefore denies the same.

117.  *This defendant is without sufficient* information to admit or deny the allegations of this paragraph since he had no involvement or knowledge about the myriad transactions between the plaintiffs in this case and the other defendants and therefore denies the same.

118.  This defendant is without sufficient information to admit or deny the allegations of this paragraph since he had no involvement or knowledge about the myriad transactions between the plaintiffs in this case and the other defendants and therefore denies the same.

119.  This defendant is without sufficient information to admit or deny the allegations of this paragraph since he had no involvement or knowledge about the myriad transactions between the plaintiffs in this case and the other defendants and therefore denies the same.

120.  This defendant is without sufficient information to admit or deny the allegations of this paragraph since he had no involvement or knowledge about the myriad transactions between the plaintiffs in this case and the other defendants and therefore denies the same.

121.  This defendant is without sufficient information to admit or deny the allegations of this paragraph since he had no involvement or knowledge about the myriad transactions between the

plaintiffs in this case and the other defendants and therefore denies the same.

122. Defendant is without sufficient information or knowledge with which to form a belief as to the truth of the allegations in paragraph 122 of plaintiffs' Second Amended Complaint and therefore denies same.

123. Denied.

124. Defendant is without sufficient information or knowledge with which to form a belief as to the truth of the allegations in paragraph 124 of plaintiffs' Second Amended Complaint and therefore denies same.

125. Defendant is without sufficient information or knowledge with which to form a belief as to the truth of the allegations in paragraph 125 of plaintiffs' Second Amended Complaint and therefore denies same.

126. Defendant is without sufficient information or knowledge with which to form a belief as to the truth of the allegations in paragraph 126 of plaintiffs' Second Amended Complaint and therefore denies same.

127. Defendant is without sufficient information or knowledge with which to form a belief as to the truth of the allegations in paragraph 127 of plaintiffs' Second Amended Complaint and therefore denies same.

128. Admitted.

15

129.   Defendant is without sufficient information or knowledge with which to form a belief as to the truth of the allegations in paragraph 129 of plaintiffs' Second Amended Complaint and therefore denies same.

130.   Defendant is without sufficient information or knowledge with which to form a belief as to the truth of the allegations in paragraph 130 of plaintiffs' Second Amended Complaint and therefore denies same.

**FIRST CAUSE OF ACTION**

131.   Defendant incorporates paragraphs 1 through 130, inclusive, of its Answer as if set forth herein.

132.   Denied.

133.   Admitted.

**SECOND CAUSE OF ACTION**

134.   Defendant incorporates paragraphs 1 through 133, inclusive, of its Answer as if set forth herein.

135.   Denied.

136.   Denied.

137.   Denied.

138.   Denied.

139.   Denied.

140.   Denied.

141.   Denied.

142.   Denied.

143.  Denied.

144.  Denied.

145.  Denied.

### THIRD CAUSE OF ACTION

146.  Defendant incorporates paragraphs 1 through 145, inclusive, of its Answer as if set forth herein.

147.  Denied.

148.  Denied.

149.  Denied.

150.  Denied.

151.  Denied.

### FOURTH CAUSE OF ACTION

152.  Defendant incorporates paragraphs 1 through 151, inclusive, of its Answer as if set forth herein.

153.  Denied.

154.  Admitted.

155.  Admitted.

### FIFTH CAUSE OF ACTION

156.  Defendant incorporates paragraphs 1 through 155, inclusive, of its Answer as if set forth herein.

157.  Denied.

158.  Denied.

## SIXTH CAUSE OF ACTION

159.  Defendant incorporates paragraphs 1 through 158, inclusive, of its Answer as if set forth herein.

160.  Denied.

161.  Denied.

## SEVENTH CAUSE OF ACTION

162.  Defendant incorporates paragraphs 1 through 161, inclusive, of its Answer as if set forth herein.

163.  Denied.

## EIGHTH CAUSE OF ACTION

164-166.  This claim expressly does not apply to this defendant and thus no response is required.

## NINTH CAUSE OF ACTION

167.  Defendant incorporates paragraphs 1 through 166, inclusive, of its Answer as if set forth herein.

168.  Denied.

169.  Denied.

## TENTH CAUSE OF ACTION

170.  Defendant incorporates paragraphs 1 through 169, inclusive, of its Answer as if set forth herein.

171.  Denied.

172.  Denied.

173.  Denied.

## ELEVENTH CAUSE OF ACTION

174.   Defendant incorporates paragraphs 1 through 173, inclusive, of its Answer as if set forth herein.

175.   Denied.

176.   Denied.

177.   Denied.

178.   Denied.

179.   Denied.

180.   Denied.

181.   Denied.

182.   Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Statute of Limitations)

The applicable statutes of limitation bar the claims asserted in this case.

### SECOND AFFIRMATIVE DEFENSE
### (Superseding Cause)

The Towers fraud was the superseding cause of the losses.

### THIRD AFFIRMATIVE DEFENSE
### (Lack of Scienter)

The requisite scienter for all fraud allegations is absent.

## FOURTH AFFIRMATIVE DEFENSE
### (Lack of Duty)

As a registered representative the defendant had no duty to do due diligence regarding Towers.  That duty was owed by his broker-dealer, which represented that it had done due diligence.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to State Claim)

The claims asserted fail to state claims upon which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE
### (Laches)

The doctrine of laches bars the claims asserted.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

The plaintiff failed to take steps to mitigate his damages and thus his claims are barred.

## EIGHTH AFFIRMATIVE DEFENSE
### (Proximate Cause)

The plaintiff's losses were proximately caused by his own conduct or negligence or that of a third party.

## NINTH AFFIRMATIVE DEFENSE
### (Good Faith)

The defendant always acted in good faith and at no time committed directly or indirectly any act that would give rise to a valid claim by the plaintiff.

## TENTH AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

The doctrines of waiver and estoppel bar the plaintiff's claims.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Ratification; Assumption of Risk)

The plaintiff ratified and approved the transaction complained of and assumed the risks of investing in the investments at issue and therefore is precluded from relief.

WHEREFORE, the defendant prays that the claims be dismissed with prejudice and that he be awarded his attorney fees and costs.

Respectfully submitted,

WELBORN SULLIVAN MECK & TOOLEY, P.C.

William R. Rapson
Attorneys for Defendant
Robert H. Bucher

## CERTIFICATE OF SERVICE

I hereby certify that on this the 5th day of January, 1999, I served a true copy of the foregoing ANSWER OF DEFENDANT, ROBERT H. BUCHER, TO SECOND AMENDED COMPLAINT by U.S. mail, postage prepaid, to:

Timothy C. Karen                    Attorneys for Plaintiffs
Mary Smigielski
Law Offices of Timothy C.
Karen
12702 Via Cortina, Suite 100
Del Mar, CA  92014

Jeffrey L. Sikkema                  Attorneys for Defendant
Juan C. Basombrio                   Brighton Securities Corp.
Dorsey & Whitney, LLP
650 Town Center Dr.
Suite 1850
Center Tower Post Office
  Box 5066
Costa Mesa, CA  92626-1925

Gilbert R. Serota                   Attorneys for Defendant
Pamela K. Fulmer                    Halpert & Co., and Alan
Howard, Rice, Nemerovski,           Halpert
  Canady, Falk & Rabkin
Three Embarcadero Center
7th Floor
San Francisco, CA  94111

Michael J. Petrucelli               In Pro Per
4 Skyline Dr.
West Orange, CA  07052

Herbert Saraga                      In Pro Per
433 E. 82nd St., 4E
New York, NY  10028

Robert H. Logan                     Attorneys for Defendants
Richard W. Smirl                    Davidson Securities, Inc. and
Keesal, Young & Logan               Dale Kidwell
400 Oceangate
Post Office Box 1730
Long Beach, CA  90801-1730

22

Michael D. Olsen
117 Third St.
Geneva, IL  60134

In Pro Per, and on behalf of
Defendants I Do Enterprises,
Inc. and Geneva Investment
Group

Milton E. Metzler and
M.E. Metzler Organization,
  Inc.
7630 Bracken Circle
St. Louis, MO  63123

In Pro Per

Michael L. Kirby
Jodie M. Hardmeyer
Post Kirby Noonon & Sweat LLP
600 W. Broadway, Suite 1100
San Diego, CA  92101-3302

Attorneys for Defendants Gill
and Associates, Inc., a
Colorado corporation, and Ted
Gill

John A. Bender, Jr.
Weiss, Jensen, Ellis & Howard
2600 Pike Tower, 520 Pike St.
Seattle, WA  98101

Attorneys for Defendants Gill
and Associates, Inc., a
Colorado corporation, and Ted
Gill

S. Barcus Hunter
Hunter & Cameron
1701 River Run, Suite 1115
Fort Worth, TX  76107-9590

Attorney for Defendants Kirby
Endsley and Vautrain Nelson
Lefevre, Endsley and Durham,
Inc., a Texas corporation

_Katherine E. Griffith_

23