USDC SCAN INDEX SHEET










```
SLD   1/21/99   13:50
3:96-CV-01023   BRADLEY V. HOFFENBERG
*262*
*RESP.*
```

Richard K. Rufner, Esq.
7887 East Belleview Avenue, Suite 1275
Englewood, Colorado 80111
303/796-9500

Attorney for Defendants Morrison and JINCO Leasing Corporation

FILED
99 JAN 20 AM 10: 55
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY S. Denson DEPUTY

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL F. CLARK, SR., et al., <br><br> Plaintiffs, <br> v. <br><br> ANDOVER SECURITIES, INC., et al. <br><br> Defendants. | Case No. 96-1023-JM (JFS) <br><br> DEFENDANTS WAYNE MORRISON AND JINCO LEASING CORPORATION'S RESPONSE IN OPPOSITION TO REQUEST FOR ENTRY OF DEFAULT |

The Defendants Wayne Morrison and JINCO Leasing Corporation by and through their attorney Richard K. Rufner, of The Law Offices of Richard K. Rufner, hereby make this special appearance for purposes of opposing the Plaintiffs' Request for Entry of Default as follows:

1. Defendant Wayne Morrison is a resident and citizen of the State of Colorado. Defendant JINCO Leasing Corporation (hereinafter referred to "Jinco"), is a Colorado corporation which, at all times material hereto, had and maintained its principal place of business in the State of Colorado.

2. The class action Plaintiff Steven H. Johnson, who is the only Plaintiff who has specific claims against these Defendants herein, was at all times material hereto a resident and citizen of the State of Colorado.

3. All actions complained of by Plaintiff Steven H. Johnson occurred in the State of Colorado and had no connection whatsoever with the State of California.

4. On January 2, 1999, the Plaintiffs' Request for Entry of Default and accompanying Declarations of Service were received by these Defendants from Plaintiffs'

counsel.

5. The purported basis of service upon these Defendants was a mailing of the summons and complaint by certified mail. Initially, Plaintiffs mailed the pleadings to these Defendants in 1997. At that time, the undersigned counsel wrote to Plaintiff's attorney stating that Defendants would not respond voluntarily to the action and further stating that Defendants did not believe there would be any basis for personal jurisdiction over them in the State of California (see Exhibit "A" attached hereto and incorporated herein by reference). Defendants also stated their belief that the statute of limitations had expired. These Defendants received no response to that letter.

6. On March 16, 1998, these Defendants again received copies of the Summons and Complaint by mail from Plaintiffs' counsel. Believing that such service by mail was not sufficient to establish jurisdiction, undersigned counsel again wrote to Plaintiffs' counsel indicating his understanding that such mailing did not constitute proper and sufficient service of process and asking Plaintiffs' counsel to send to him a copy of the return of service and verification of the manner and method by which jurisdiction is being asserted. Undersigned counsel again also asked what facts and information Plaintiffs would be relying upon in order to support personal jurisdiction over these Defendants in California (see Exhibit "B" attached hereto and incorporated herein by reference). Again, undersigned counsel received no response from Plaintiffs' counsel to this letter. Thus, these Defendants believed that no effective service had been perfected upon them and were unaware that any action was being pursued against them until receipt of Plaintiffs' Request for Entry of Default on January 2, 1999.

7. Although these Defendants concede that the state law of California apparently permits service of process by certified mail (Plaintiffs set forth a rule in their Request for Entry of Default), given that Plaintiffs never responded to counsel's letters as referred to above, and given that counsel and the Defendants wholly believed that mailing of the Summons and Complaint was insufficient to establish jurisdiction. At the very least, excusable neglect has occurred which should preclude this Court from entering default

against these Defendants.

8. Additionally, F.R.C.P. 4(k) states that service of a summons is effective to establish jurisdiction over the person of a Defendant who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the District Court is located. Given the fact that the complained of actions between Plaintiff Steven H. Johnson and these Defendants occurred in the State of Colorado, and that there are insufficient minimum contacts between either of these Defendants with the State of California, no California Court could establish jurisdiction over these Defendants. Thus, the service of process in ineffective. Jurisdiction of a non-resident Defendant must conform with the state long arm statute and with the constitutional requirements of due process. In the 9th Circuit, a three-part test is employed to determine whether jurisdiction may be applied to a particular Defendant:

> "(1) that the non-resident Defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its law; (2) the claim must be one which arises out of or results from the Defendant's forum related activities; and (3) exercise of jurisdiction must be reasonable", Omeluk v. Langsten Slip & Batbyggeri, 52 F.3rd 267 (9th Cir. 1995).

If **any** of the three requirements is not satisfied, jurisdiction in the forum would deprive the Defendant of due process of law. See also Chan v. Society Expeditions, Inc., 39 F.3rd 1398 (9th Cir. 1994). All three parts of the test to determine whether jurisdiction may lie in California would fail in this case, thus giving these Defendants an adequate and sufficient ground for dismissing the action against them as filed.

9. Additionally, the acts complained of, all of which took place in the State of Colorado, occurred in June, 1992. The statute of limitations for a civil action, regardless of the theory upon which suit is brought, or against whom suit is brought, shall be commenced within two years after the cause of action occurs, including a tort. Plaintiffs' claims based upon violations of Federal Securities Laws, likewise, would fail for violation of the statute of limitations. Section 13 of the Securities Act sets forth the statute of limitations for actions commenced under Sections 11 and 12 of that Act for the sale of

unregistered securities, which limitation is one year. The appropriate limitations period for civil actions based on implied causes of actions under Section 10(b) of the Exchange Act also is controlled by the one year statute of limitations. <u>Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson</u>, 501 US 350 (1991); Section 27(a) of the Securities Exchange Act. Thus, none of Plaintiffs' claims against these Defendants can possibly survive a defense of failure to satisfy the applicable statutes of limitations.

10. For the reasons as set forth herein, default should not enter against these Defendants. Alternatively, if default has been entered, it should appropriately be set aside for good cause shown pursuant to F.R.C.P. 55(c).

WHEREFORE, these Defendants pray that this Court deny the Plaintiffs' Request for Entry of Default as such request pertains to them, and that this Court grant such other and further relief as it may deem appropriate.

Dated this 19 day of January, 1999.

Respectfully submitted.

THE LAW OFFICES OF RICHARD K. RUFNER

_____
Richard K. Rufner (Colorado Reg. No. 9163)
Attorney for Defendants Morrison and Jinco

**CERTIFICATE OF MAILING**

I hereby certify that on this 19th day of January, 1999, a true and correct copy of the foregoing Defendants Wayne Morrison and Jinco Leasing Corporation's Response in Opposition to Request for Entry of Default was deposited in the U.S. Mail first-class postage prepaid to:

Timothy C. Karen
Law Offices of Timothy C. Karen
12702 Via Cortina, Suite 100
Del Mar, CA  92014

_____

- 4 -

The Law Offices of
# Richard K. Rufner

January 14, 1997

Timothy C. Karen, Esq.
Law Offices of Timothy C. Karen
12702 Via Cortina, Ste. 100
Del Mar, CA 92014

> RE: Bradley, et al vs. Andover Securities, et al
> Case No. 96-1023-J
> In the United States District Court for the Southern District of California

Dear Mr. Karen:

This letter is in follow-up to our telephone conversation last week regarding the above-referenced matter and the claims against my clients Jinco Securities, Jinco Leasing Corp. and Wayne Morrison. As I understand the Complaint, the only Plaintiff complaining against my clients is Steven H. Johnson. I have further reviewed the factual allegations against my clients as well as the investment at issue and now reiterate to you my clients' objection to any jurisdiction over my clients in the State of California. All actions complained of occurred in the State of Colorado in telephone conversations and/or mail directed between Mr. Johnson and Jinco Securities. Thus, there is no basis for personal jurisdiction in California. Furthermore, we do not believe that the class action in the United States District for the Southern District of New York would have tolled the statute of limitations against Jinco Securities and Mr. Morrison in his role as a principal of Jinco Securities, given that Jinco Securities was never named as a party to that class action suit.

For the reasons as set forth above, my client will not be responding voluntarily to the above-referenced action. Should you obtain formal service of process upon my clients, then I shall necessarily move to dismiss the action for lack of personal jurisdiction and violation of the applicable statute of limitations.

Sincerely,

RICHARD K. RUFNER

RKR:lbw

EXHIBIT A

7720 East Belleview Avenue
Suite 200
Englewood, Colorado 80111
OFFICE: (303) 796-9500
Facsimile: (303) 779-6006

COPY TO CLIENT 3/26/98

The Law Offices of
## Richard K. Rufner

March 24, 1998

Timothy C. Karen, Esq.
The Law Offices of Timothy C. Karen
12702 Via Cortina, Suite 100
Del Mar, CA 92014

Re: <u>Clark, et al. v. Andover Securities, Inc., et al; Case No. 96-1023-J
In the United States District Court, Southern California</u>

Dear Mr. Karen:

I am writing to you on behalf of my clients Jinco Leasing Corporation and Wayne Morrison with regard to the Summons in a Civil Action on Second Amended Complaint which my clients received by registered mail from you March 16, 1998,. A certified mailing does not, of course, constitute proper service of a summons and complaint pursuant to F.R.C.P. 4.

Last year I wrote to you regarding my questions about the manner and method of service of process of the original complaint upon my clients, and with regard to my concerns about personal jurisdiction over my clients in the State of California. To date, I have not received from you any verification of service of process on my clients. Thus, I am not clear as to why you have recently mailed to my clients a copy of the Summons in a Civil Action on Second Amended Complaint as they have never been properly joined in the action. Would you please send to me as soon as possible a copy of the return of service upon my clients so that I can verify the manner and method by which jurisdiction is being asserted? Also, please provide to me what facts and information you have which would support personal jurisdiction over my clients in the State of California.

I thank you for your cooperation and shall look forward to hearing from you.

Sincerely,

Richard K. Rufner

RKR/cdd


EXHIBIT B

7887 East Belleview Avenue, Suite 1275
Englewood, Colorado 80111
OFFICE: (303) 796-9500
Facsimile: (303) 740-8408