USDC SCAN INDEX SHEET










```
KJL    9/29/99    10:46
3:96-CV-01023    BRADLEY V. HOFFENBERG
*326*
*DFLTJGM.*
```

99 SEP 28 PM 12:44

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL F. CLARK, SR., et al., <br><br>　　　　　　　　　　Plaintiffs, <br>vs. <br><br>ANDOVER SECURITIES, INC., et al., <br><br>　　　　　　　　　　Defendants. | CASE NO. 96CV1023 JM (JFS) <br><br> ORDER DENYING REQUEST FOR RELIEF FROM ENTRY OF DEFAULT; GRANTING MOTION FOR ENTRY OF DEFAULT JUDGMENT |

　　　This is a securities class action lawsuit. Defendants Wayne Morrison and Jinco Leasing Corporation were served with a copy of the second amended complaint on March 16, 1998. On December 31, 1998, default was entered as to these defendants. On January 20, 1999, these defendants filed a pleading styled "Response in Opposition to Request for Entry of Default." Apparently unaware that default had actually been entered, defendants set forth in that pleading the reasons why default should not be entered. However, in the second to last sentence of the pleading defendants stated: "Alternatively, if default has been entered, it should appropriately be set aside for good cause shown pursuant to F.R.C.P. 55(c)." Consequently, the court ordered plaintiff Johnson, who seeks default judgment against these defendants, to respond to this pleading. Having reviewed the parties' pleadings, the court concludes that there is no basis for setting aside default.

　　　The Ninth Circuit has explained that in determining whether to set aside default courts should consider the same factors to be considered in determining whether to set aside default judgment, see Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508 (9th Cir.1986), which include whether the



plaintiff would be prejudiced by setting aside the default, whether the defendant has a meritorious defense, and whether the defendant's culpable conduct led to the default. O'Connor v. State of Nevada, 27 F.3d 357, 364 (9th Cir.1994), cert. denied, O'Connor v. Nevada, 514 U.S. 1021 (1995). As the Ninth Circuit has explained:

> This tripartite test is disjunctive. Hence, a finding that the plaintiff will be prejudiced or that the defendant lacks a meritorious defense, or that the defendant's own culpable conduct prompted the default is sufficient to justify the district court's refusal to vacate a default judgment.

Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir. 1988). See, e.g., Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985) (where default has been entered due to a defendant's culpable conduct, it is appropriate to refuse to aside default without even considering the merits of the defendant's defense).

Having reviewed defendants' submissions as well as plaintiff's opposition, the court concludes that defendants have failed to demonstrate a sufficiently meritorious defense to justify setting aside default. As the Ninth Circuit has explained, the Securities Act of 1933 and the Securities Exchange Act of 1934 provide for nationwide service of process and "so long as a defendant has minimum contacts with the United States, Section 27 of the [1934] Act confers personal jurisdiction over the defendant in any federal district court." Securities Investment Protection Corp. v. Vigman, 764 F.2d 1309, 1316 (9th Cir. 1985). Moreover, in light of the tolling principles recognized in Jenson v. Allison-Williams Co., 98CV2229 TW (JFS), the court finds that any statute of limitations defense defendants may have is of highly questionable merit.

Moreover, defendants' request to set aside default is appropriately denied given that defendants' culpable conduct led to the entry of default. Where a defendant has received actual notice of the filing of an action and has intentionally refused to answer, the defendant's conduct is deemed culpable. Alan Neuman Productions, Inc. v. Jere Albright, 862 F.2d 1388, 1390 (9th Cir. 1988). Here, it is clear that defendants received notice of the action, yet, rather than filing an answer or motion to dismiss, defendants waited until approximately three weeks after default was entered to file a pleading not recognized under the Federal Rules of Civil Procedure in response to plaintiff's request for entry

of default.

Defendants contend that their failure to appear should be excused because plaintiff's counsel never responded to their letter in which they indicated they believed that service was not proper. However, plaintiff's counsel's failure to respond to a letter does not negate defendants' culpability, as it does not excuse defendants' counsel's failure to research the law on the issue of proper service. Accordingly, the court finds that defendants' wilful failure to answer or otherwise properly defend this action after having actual notice of it counsels the denial of defendants' request to set aside default.

Furthermore, for the reasons set forth in its September 2, 1999 order, the court concludes that plaintiff Steven Johnson is entitled to default judgment against defendants Morrison and Jinco Leasing for (1) violation of section 10(b) of the Exchange Act and Rule 10b-5(a), (b) and (c) [second cause of action]; (2) violation of section 12(2) of the Securities Act [fourth cause of action]; (3) violation of section 15 of the Securities Act [fifth cause of action]; (4) violation of section 20 of the Exchange Act [sixth cause of action]; (5) breach of fiduciary duty and breach of trust relationship [seventh cause of action]; (6) fraud in the sale of securities in violation of Corporations Code §§ 25401, 25501, 25504, 25504.1 and 25504.2 [tenth cause of action]; and (7) professional and ordinary negligence [eleventh cause of action]. The court thus turns to the issue of damages.

Section 12(2) of the Securities Act "provides a recissionary measure of damages by awarding the purchaser the consideration paid for the security plus interest (less any income received on the security) upon tender of the security. . . ." In re Itel Securities Litigation, 89 F.R.D. 104, 115 (N.D.Cal. 1981). Such an award is appropriate in this case, where the note that plaintiff holds is essentially worthless. The court notes that plaintiff's remedies are not cumulative and concludes that plaintiff will be fully compensated for his loss if the court awards a recissionary measure of damages.

Section 12(2) does not prescribe an interest rate to be applied to damage awards under that section. Generally, the rate of interest imposed should "compensate fairly the defrauded purchaser for the loss of the use of his money." Collier v. Granger, 258 F.Supp. 717 (S.D.N.Y. 1966). Plaintiff seeks interest at the rate of 14%, which is the rate of interest he was to receive under the note. Alternatively, plaintiff requests interest at the rate of 10%. The court notes that section 10(b) awards interest at a rate of 10%. The court finds that interest at the rate of 10% will adequately compensate

plaintiff, as plaintiff has failed to demonstrate that he could have received interest in the amount set forth in his note had he invested his money in the type of conservative investment he informed the defendants that he desired.

Plaintiff Johnson purchased his note for $ 50,000. He received total distributions of $ 4083.31. He also received approximately $ 5,000 as a result of a class action and bankruptcy distribution, which is appropriately subtracted from the amount to which he is entitled. Applying an interest rate of 10%, the court concludes that plaintiff Johnson is entitled to default judgment against defendants Wayne Morrison and Jinco Leasing in the amount of $ 75,500.02.

## CONCLUSION

Plaintiff Steven Johnson is entitled to judgment against defendants Wayne Morrison and Jinco Leasing Corporation in the amount of $ 75,500.02. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: 9/28 ,1999

JEFFREY T. MILLER
United States District Judge

cc:     All parties